UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 5

STATE PLAZA, INC., A WHOLLY-OWNED
SUBSIDIARY OF RB ASSOCIATES, INC., D/B/A
STATE PLAZA HOTEL

and                                                                Case 5-CA-32594

HOTEL AND RESTAURANT EMPLOYEES,
LOCAL 25, UNITE HERE INTERNATIONAL
UNION

### ANSWER AND RESPONSE OF STATE PLAZA, INC.

State Plaza, Inc. hereby answers and responds to the Complaint and Notice of Hearing as follows:

With respect to the numbered paragraphs in the Complaint, State Plaza states as follows:

1.   (a)   Admitted, but the changes are subject to estoppel since they were previously dismissed.

     (b)   Admitted, but the changes are subject to estoppel since they were previously dismissed.

     (c)   Admitted, but the changes are subject to estoppel since they were previously dismissed.

     (d)   Admitted, but the changes are subject to estoppel since they were previously dismissed.

EXHIBIT

F

W686748.1

2. (a) State Plaza admits that it is a District of Columbia Corporation, is located in the District of Columbia and is in the business of owning and operating a hotel. State Plaza answers that other than limited service, it does not provide food and beverage to customers.

(b) Admitted.

(c) Admitted.

(d) Admitted.

3. Admitted.

4. State Plaza denies the allegations set forth in paragraph 4 of the Complaint, except that State Plaza admits that Corrado Palenzona is the General Manager.

5. State Plaza does not employ cooks, prep cooks, dishwashers, pantry, utility, waiters, busers, hosts, bartenders, room servers, and restaurant cashiers. As such it denies the allegations set forth in paragraph 5 of the Complaint.

6. Admitted.

7. State Plaza admits that the Union was the exclusive bargaining representative for a certain unit of employees at the Hotel, but is no longer the exclusive bargaining representative because of an actual loss of majority support for the Union by such employees.

8. Denied.

9. (a) Denied.

(b) Denied.

(c) Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. (a) Denied.

   (b) Denied.

17. Denied. State Plaza met with the Union in the summer of 2004 to bargain over the closure of the Hotel restaurant. The Union did not contact State Plaza for six months after such meeting to bargain.

18. (a) Admitted, but that State Plaza also met with the Union prior to such dates.

   (b) Denied.

   (c) Denied.

19. Denied.

20. (a) Denied. State Plaza housekeeping employees were given a market adjustment to adjust their pay in accordance with other RB Associates hotels.

   (b) Denied. State Plaza had no duty to bargain with the Union as of July 8, 2005 based on an actual loss of majority support for the Union.

   (c) Denied. State Plaza had no duty to notify the Union and/or recognize the Union as of July 8, 2005 based on an actual loss of majority support.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## REMEDY

26. State Plaza avers that the remedy set forth in <u>Mar-Jac Poultry</u>, 136 NLRB 785 (1962) is unavailable in this case because of the Union's actual loss of majority support, the Union's own actions caused an actual loss of majority support, and <u>Mar-Jac Poultry</u> is no longer binding precedent.

## DEFENSES

27. The Complaint, in whole and/or in part, fails to state claims under the NLRA, 29 U.S.C. § 151 <u>et seq</u>, upon which relief can be granted.

28. The claims are based by the six (6) months limitation period set forth in Section 10 of the NLRA.

29. The Complaint is flawed in that the withdrawal of recognition was based on a June/July employee Petition evidencing an actual loss of majority support, and <u>not</u> based on a March Petition as claimed in the Complaint. There is no allegation that the Petition which formed the basis for the withdrawal of recognition by the Employer was tainted in any way. As such, the Complaint must be dismissed.

30. The Complaint is barred in whole and/or in part on the Union's unclean hands. For example, and most recently, the Union made material representations and slanderous statements to employees at the State Plaza stating that the "U.S. Government has charged State Plaza for refusal to negotiate a contract, for delaying and stalling the negotiations process, for failing to negotiate honestly with the Union, for "bribing" employees. There are no such allegations in the Complaint.

                                                    Respectfully submitted,

Date: November 10, 2005

                                                    _____
                                                  Jonathan W. Greenbaum
                                                  NIXON PEABODY LLP
                                                  401 9th Street, N.W.,
                                                  Suite 900
                                                  Washington, DC 20004-2128
                                                  (202) 585-8000
                                                  *Attorneys for Employer, State Plaza, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the Answer and Response of State Plaza Inc., was served on the parties listed below, via first class mail, postage prepaid, on this 10th day of November, 2005.

_____
Jonathan W. Greenbaum
NIXON PEABODY LLP
401 9th Street, N.W.
Suite 900
Washington, DC 20004-2128
*Attorneys for Employer, State Plaza, Inc.*

Wayne R. Gold
Regional Director
NATIONAL LABOR RELATIONS BOARD
Region 5
103 South Gray Street, 8th Floor
Baltimore, Maryland 21202-4061

Devki K. Virk
BREDHOFF & KAISER, PLLC
805 15th Street, N.W.
Washington, DC 20005
(202) 841-2600

W686748.1