UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD

STATE PLAZA, INC., A WHOLLY-OWNED SUBSIDIARY OF RB ASSOCIATES, INC. D/B/A STATE PLAZA HOTEL

and

HOTEL AND RESTAURANT EMPLOYEES, LOCAL 25, UNITE HERE INTERNATIONAL UNION

Case 5-CA-32594

DATE OF MAILING December 27, 2005

**AFFIDAVIT OF SERVICE OF** Amended Complaint and Notice of Hearing

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose and say that on the date indicated above I served the above-entitled document(s) by post-paid certified mail upon the following persons, addressed to them at the following addresses:

7004 2510 0005 4846 7700

JONATHAN W. GREENBAUM, ESQ.
NIXON, PEABODY, LLP
401 9TH STREET, NW, SUITE 900
WASHINGTON, DC 20004

MR. JAMES MARTENS
STATE PLAZA, INC., A WHOLLY-OWNED
  SUBSIDIARY RB ASSOCIATES, INC. D/B/A
  STATE PLAZA HOTEL
2117 E STREET, NW
WASHINGTON, DC 20037

DEVKI K. VIRK, ESQ.
BREDHOFF & KAISER, PLLC
805 15TH STREET, NW
WASHINGTON, DC 20005

HOTEL & RESTAURANT EMPLOYEES, LOCAL 25,
  UNITE HERE INTERNATIONAL UNION, AFL-CIO
1003 K STREET, NW, 7TH FLOOR
WASHINGTON, DC 20001

Signed in Baltimore, Maryland this 27th day of December 2005

DESIGNATED AGENT
*Monica Fraves* (signature)
NATIONAL LABOR RELATIONS BOARD

EXHIBIT

G

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 5

STATE PLAZA, INC., A WHOLLY-OWNED
SUBSIDIARY OF RB ASSOCIATES, INC., D/B/A
STATE PLAZA HOTEL

    and                                              Case 5-CA-32594

HOTEL AND RESTAURANT EMPLOYEES,
LOCAL 25, UNITE HERE INTERNATIONAL
UNION

## AMENDED COMPLAINT AND NOTICE OF HEARING

Hotel and Restaurant Employees, Local 25, UNITE HERE International Union, herein called the Union, has charged that State Plaza, Inc., a wholly-owned subsidiary of RB Associates, Inc, d/b/a State Plaza Hotel, herein called Respondent, has been engaging in unfair labor practices as set forth in the National Labor Relations Act, 29 U.S.C. δ 151 et seq., herein called the Act. Based thereon, the Acting General Counsel, by the undersigned Acting Regional Director, pursuant to Section 10(b) of the Act and Section 102.15 of the Rules and Regulations of the National Labor Relations Board, herein called the Board, issues this Complaint and Notice of Hearing and alleges as follows:

1. (a) The original charge in this proceeding was filed by the Union on July 25, 2005, and a copy was served by mail on Respondent on July 26, 2005.

(b) The first amended charge in this proceeding was filed by the Union on August 11, 2005, and a copy was served by mail on Respondent on August 12, 2005.

(c) The second amended charge in this proceeding was filed by the Union on October 14, 2005, and a copy was served by mail on Respondent on October 15, 2005.

(d) The third amended charge in this proceeding was filed by the Union on October 31, 2005, and a copy was served by mail on Respondent on the same date.

2.  (a) At all material times Respondent, a District of Columbia corporation with an office and place of business in the District of Columbia, herein called Respondent's facility, has been engaged in the business of owning and operating a hotel and providing food, beverage and lodging to its customers.

(b) During the preceding twelve months, a representative period, Respondent, in conducting its business operations described above in paragraph 2(a), derived gross revenues in excess of $500,000.

(c) During the same period of time described above in paragraph 2(b), Respondent, in conducting its business operations described above in paragraph 2(a), purchased and received at its Washington, D.C. facility, goods and services valued in excess of $5,000 directly from points located outside the District of Columbia.

(d) At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

3.  At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

4.  (a) At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and/or agents of Respondent within the meaning of Section 2(13) of the Act:

| Name | | Position |
|---|---|---|
| Alexandra Guillen | - | Agent |
| Reina Lozano | - | Agent |
| Corrado Palenzona | - | General Manager |
| Fanny Reird | - | Supervisor |
| Abdullah Va | - | Supervisor |
| Lisa Alvarado | - | Supervisor |
| Lidia Carmen Hernandez | - | Supervisor |
| Karen Martinez | - | Supervisor |
| Steve Belo | - | Supervisor |

(b) At all material times, an unnamed agent held the position of Counsel to Respondent and has been an agent of Respondent within the meaning of Section 2(13) of the Act.

5. The following employees of Respondent, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time and regular part-time employees, including cooks, prep cooks, dishwashers, pantry, utility, waiters, busers, hosts, bartenders, room servers, servers, housekeepers, room attendants, lobby attendants, housemen, turn-down attendants, laundry attendants, guest service agents, bellmen, bell captains, mini-bar attendants and restaurant cashiers, employed by the Employer at the State Plaza Hotel in Washington, D.C; excluding all reservation sales representatives, office clericals, engineers, painters, guards and supervisors as defined by the Act.

6. On or about June 30, 2004, the Union was certified as the exclusive collective-bargaining representative of the Unit.

7. At all times since June 30, 2004, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

8. In or around June 2005, the exact date being presently unknown to the undersigned, Respondent, by Alexandra Guillen in the employee cafeteria, restrained and coerced employees in the exercise of their rights guaranteed in Section 7 of the Act by telling employees that they have betrayed Respondent by not signing a decertification petition.

9. Respondent, by Corrado Palenzona:

(a) in or around March 2005, the exact date being presently unknown to the undersigned, in a conference room, restrained and coerced employees by telling them that Respondent was going to rid itself of the Union by sponsoring a decertification petition;

(b) in or around March 2005, the exact date being presently unknown to the undersigned, in his office, told employees that, because they support the Union, he does not want anything to do with them; and

3

(c) on or about April 19, 2005, and May 12, 2005, in his office, through oral announcements, promulgated the following rule:

> Employees cannot distribute pro-union literature inside the Hotel at any time and that pro-union literature is prohibited within the Hotel.

10. Respondent, by the individuals named below, on or about the dates (where exact dates are not set forth, they are presently unknown to the undersigned) and at the locations opposite their respective names, created the impression among its employees that their union activities were under surveillance by Respondent:

| (Agent) | (Date) | (Location) |
| --- | --- | --- |
| Corrado Palenzona | March, 2005 | Palenzona's Office |
| Corrado Palenzona | April 19, 2005 | Palenzona's Office |
| Corrado Palenzona | May 12, 2005 | Kitchen |
| Corrado Palenzona | May 12, 2005 | Palenzona's Office |
| Alexandra Guillen | June 2005 | Employee Cafeteria |
| Corrado Palenzona | June 2005 | First Floor, Respondent Hotel |
| Fanny Reird | July 2005 | Employee Cafeteria |
| Abdullah Va | July 2005 | Employee Cafeteria |
| Lisa Alvarado | July, 2005 | Laundry Room |

11. Respondent, by the individuals named below, on or about the dates (where exact dates are not set forth, they are presently unknown to the undersigned) and at the locations opposite their respective names, threatened employees with termination, if they continued their union activities:

| (Agent) | (Date) | (Location) |
| --- | --- | --- |
| Lisa Alvarado | July 2005 | Laundry Room |
| Abdullah Va | July 2005 | Employee Cafeteria |

4

12. Respondent, by the individuals named below, on or about the dates (where exact dates are not set forth, they are presently unknown to the undersigned) and at the locations opposite their respective names, interrogated employees about their union activities:

| (Agent) | (Date) | (Location) |
|---|---|---|
| Corrado Palenzona | March 2005 | Palenzona's Office |
| Corrado Palenzona | April 19, 2005 | Palenzona's Office |
| Corrado Palenzona | May 12, 2005 | Kitchen |
| Corrado Palenzona | May 12, 2005 | Palenzona's Office |
| Alexandra Guillen | June 2005 | Employee Cafeteria |
| Corrado Palenzona | June 2005 | First Floor Hotel Room |
| Fanny Reird | July 2005 | Employee Cafeteria |

13. Respondent, by the individuals named below, on or about the dates (where exact dates are not set forth, they are presently unknown to the undersigned) and at the locations opposite their respective names, promised employees increased benefits and improved conditions of employment, if employees signed a petition to decertify the Union:

| (Agent) | (Date) | (Location) |
|---|---|---|
| Alexandra Guillen | March 2005 | North Side Elevator, Hotel |
| Alexandra Guillen | March 2005 | Second Floor, Hotel |
| Alexandra Guillen | March 2005 | First Floor, Hotel |
| Alexandra Guillen | March 2005 | Room, Hotel |
| Reina Lozano | March 2005 | North Side Elevator, Hotel |
| Reina Lozano | March 2005 | Second Floor, Hotel |
| Reina Lozano | March 2005 | Room, Hotel |
| Corrado Palenzona | March 2005 | Palenzona's Office |
| Alexandra Guillen | April 2005 | Hallway, Hotel |

5

| | | |
|---|---|---|
| Reina Lozano | April 2005 | Hallway, Hotel |
| Alexandra Guillen | June, 2005-11-29 | Hotel Cafeteria |

14. Respondent, by the individuals named below, on or about the dates (where exact dates are not set forth, they are presently unknown to the undersigned) and at the locations opposite their respective names, restrained and coerced employees by soliciting employees to sign a decertification petition:

| (Agent) | (Date) | (Location) |
|---|---|---|
| Corrado Palenzona | March, 2005 | Palenzona's Office |
| Alexandra Guillen | March 2005 | In Hotel's North Side Elevator |
| Alexandra Guillen | March 2005 | Second Floor, Hotel |
| Alexandra Guillen | March 2005 | First Floor, Hotel |
| Alexandra Guillen | March 2005 | Room, Hotel |
| Reina Lozano | March 2005 | North Side Elevator, Hotel |
| Reina Lozano | March 2005 | Second Floor, Hotel |
| Reina Lozano | March 2005 | Room, Hotel |
| Alexandra Guillen | April 2005 | Hallway, Hotel |
| Reina Lozano | April 2005 | Hallway, Hotel |
| Alexandra Guillen | June 2005 | Hotel Cafeteria |

15. Respondent, by the individuals named below, on or about the dates(where exact dates are not set forth, they are presently unknown to the undersigned) and at the locations opposite their names, restrained and coerced employees by telling and instructing employees to solicit a decertification petition:

| (Agent) | (Date) | (Location) |
|---|---|---|
| Corrado Palenzona | March 2005 | Diplomat Room |

| Corrado Palenzona | March 2005 | Food & Beverage Office, Hotel |

16. (a) On or about July 8, 2005, Respondent increased the benefits of its employees by granting all employees in the housekeeping department a wage rate raise.

(b) Respondent engaged in the conduct described above in paragraph 16(a), because employees of Respondent formed, joined or assisted the Union and engaged in concerted activities; to discourage employees from engaging in these activities; and to encourage employees to refrain from these activities.

17. Since on or about December 2, 2004, the Union, by letter, requested that Respondent bargain collectively with the Union as the exclusive collective-bargaining representative of the Unit.

18. (a) At various times during the months of March, April, May and June 2005, the exact dates being presently unknown to the undersigned, Respondent and the Union met for the purposes of collective-bargaining with respect to wages, hours and other terms and conditions of employment of the Unit.

(b) During the period of time described above in paragraph 18(a), Respondent engaged in the following conduct:

(i) sponsoring a decertification petition; and

(ii) promising and granting benefits, if employees signed the decertification petition.

(c) By its overall conduct, including the conduct described above in paragraph 18(b), Respondent has failed and refused to bargain in good faith with the Union as the exclusive collective-bargaining representative of the Unit.

19. On or about July 5, 2005, Respondent withdrew its recognition of the Union as the exclusive collective-bargaining representative of the Unit.

20. (a) On or about July 8, 2005, Respondent granted all employees in the housekeeping department a wage rate raise.

(b) The subject set forth above in paragraph 20(a) relates to wages, hours and other terms and conditions of employment of the Unit and is a mandatory subject for the purposes of collective bargaining.

(c) Respondent engaged in the conduct described above in paragraph 20(a), without prior notice to the Union and without affording the Union an opportunity to bargain with Respondent with respect to this conduct and the effects of this conduct.

21. On various dates between March and July 2005, Respondent, by Corrado Palenzona, Reina Lozano and Alexandra Guillen, in various locations, bypassed the Union and dealt directly with its employees in the Unit by promising benefits to employees who signed the decertification petition.

22. By the conduct described above in paragraphs 8 through 15, Respondent has been interfering with, restraining and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

23. By the conduct described above in paragraph 16, Respondent has been discriminating in regard to the hire or tenure, or terms or conditions of employment, of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

24. By the conduct described above in paragraphs 18(b), 18(c), 19, 20(a) through 20(c), and 21, Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees within the meaning of Section 8(d) of the Act in violation of Section 8(a)(1) and (5) of the Act.

25. The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

## REMEDY

WHEREFORE, as part of the remedy for Respondent's unfair labor practices, alleged above in paragraphs 8 through 25, the Acting General Counsel seeks an order requiring Respondent to

bargain in good faith with the Union, on request, for the period required by Mar-Jac Poultry Co., 136 NLRB 785 (1962), as the recognized bargaining representative in the appropriate unit. The Acting General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

PLEASE TAKE NOTICE that the hearing previously scheduled for February 27, 2006, is hereby rescheduled to commence at 10:00 a.m., E.S.T., on the 13th day of March 2006, and on consecutive days thereafter, and will be conducted in Hearing Room 5600 East, 1099 14th Street, NW, Washington, DC, before an administrative law judge of the Board on the allegations in this amended complaint, at which time and place any party within the meaning of Section 102.8 of the Board's Rules and Regulations will have the right to appear and present testimony.

Respondent is further notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, Respondent shall file with the Regional Director an original and four (4) copies of its answer to this amended complaint in the Baltimore Regional Office by close of business on January 10, 2006, and that, unless Respondent does so, all the allegations in the amended complaint shall be considered to be admitted to be true and shall be so found by the Board. Respondent is also notified that pursuant to the Board's Rules and Regulations, Respondent shall serve a copy of its answer on each of the other parties.

Form NLRB-4338 and Form NLRB-4668, Statement of Standard Procedures in Formal Hearings Held Before the National Labor Relations Board in Unfair Labor Practice Cases, are attached.

Dated at Baltimore, Maryland this 27th day of December 2005.

(SEAL)

STEVEN L. SHUSTER
_____
Steven L. Shuster, Acting Regional Director
National Labor Relations Board, Region 5
103 South Gay Street, 8th Floor
Baltimore, Maryland 21202

Attachments