UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **WAYNE R. GOLD**, Regional Director of Region Five of the National Labor Relations Board, for and on behalf of the **NATIONAL LABOR RELATIONS BOARD**, | \*<br>\*<br>\*<br>\*<br>\*<br>\* |
| 103 S. Gay Street, 8th Floor<br>Baltimore, MD 21202 | \*<br>\*<br>\* |
| Petitioner | \* |
| v. | \*     CIVIL No.<br>\* |
| **STATE PLAZA, INC.,**<br>**A WHOLLY-OWNED SUBSIDIARY**<br>**OF RB ASSOCIATES, INC.,**<br>**D/B/A STATE PLAZA HOTEL** | \*<br>\*<br>\*<br>\*<br>\* |
| Mr. James Marten, President<br>State Plaza Inc., A Wholly-Owned<br>Subsidiary of RB Associates, Inc.,<br>d/b/a State Plaza Hotel<br>2117 E Street, NW<br>Washington, DC  20037 | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |
| Respondent | \*<br>\* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION OF THE NATIONAL LABOR RELATIONS BOARD
TO HEAR PETITION FOR TEMPORARY INJUNCTION PURSUANT TO
SECTION 10(J) OF THE NATIONAL LABOR RELATIONS ACT (29 U.S.C. SECTION
160 (J)) ON THE BASIS OF THE RECORD DEVELOPED BEFORE THE BOARD'S
ADMINISTRATIVE LAW JUDGE**

To the Honorable, the Judges of the United States District Court for the District of Columbia:

Petitioner moves the Court to hear the issues in this statutory injunction proceeding, initiated under Section 10(j) of the National Labor Relations Act, as amended, 29 U.S.C. Section 160(j), on the basis of the Transcript and Exhibits from the hearing before the National Labor Relations Board's Administrative Law Judge (ALJ) in the underlying administrative proceeding in this matter in NLRB Case 5-CA-32594, rather than by the use of affidavits, the standard approach in these matters. Petitioner respectfully submits that hearing this case on the basis of the Administrative Law Judge Hearing Transcript and Exhibits will avoid duplicative litigation, will expedite this proceeding and facilitate a speedy decision, and will conserve the resources of this busy Court and the parties. The hearing before the Administrative Law Judge is scheduled to commence on March 13, 2006. The hearing is anticipated to last between 5 and 7 days. Petitioner will request an expedited transcript, which should be received by Petitioner within 3 days after close of the administrative hearing. Within 3 days after receipt of the expedited transcript, Petitioner will file with the Court the transcripts and exhibits from the administrative hearing. To aid the Court in its evaluation of this matter, Petitioner requests that within 14 days after the filing of the administrative transcript and exhibits, the Petitioner be allowed to file a Memorandum of Points and Authorities with record references to the administrative record and all supporting evidence. Petitioner requests that the Court permit the administrative record to be simultaneously supplemented by separate affidavits on the issue of "just and proper" injunctive relief, if necessary. Additionally, Petitioner requests that Respondent be permitted to file an

Answer to the Petition and memorandum of points and authorities within 11 days after the filing of the memorandum of points and authorities by Petitioner.

In further support of this motion and consistent with this Court's Rule 65.1(d), the Petitioner shows as follows.

## I. Nature of Instant Statutory Injunction Proceeding

Section 10(j) of the Act,[1] authorizes United States district courts to grant temporary injunctions pending the Board's resolution of unfair labor practice proceedings. Congress recognized that the Board's administrative proceedings often are protracted. In many instances, absent interim relief, a respondent could accomplish its unlawful objective before being placed under any legal restraint, and it could thereby render a final Board order ineffectual. See S. Rep. No. 105, 80th Cong., 1st Sess., at pp. 8, 27 (1947), reprinted in I Legislative History of the Labor Management Relations Act of 1947 414, 433 (Government Printing Office 1985). See also Boire v. Pilot Freight Carriers, Inc., 515 F.2d 1185, 1188 (5th Cir. 1975), reh. and reh. en banc denied 52l F.2d 795, cert. denied 426 U.S. 934 (1976). Thus, Section 10(j) of the Act authorizes United States district courts to grant temporary injunctions pending the Board's resolution of unfair labor practice proceedings. This provision embodies Congress' recognition that because the Board's

---

[1] Section 10(j) (29 U.S.C. Section 160(j)) provides:
> The Board shall have power, upon issuance of a complaint as provided in subsection (b) charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper.

administrative proceedings often are protracted, absent interim relief, a respondent in many instances could accomplish its unlawful objective before being placed under any legal restraint, and it could thereby render a final Board order ineffectual.  The legislative history is cited in Sharp v. Webco Industries, Inc., 225 F.3d 1130, 1136 (10th Cir. 2000) and Angle v. Sacks, 382 F.2d 655, 659-660 (10th Cir. 1967).  In short, Section 10(j) was intended to prevent the potential frustration or nullification of the Board's remedial authority caused by the passage of time inherent in Board administrative litigation.  Id. at 659.

To resolve a 10(j) petition, the district court in the District of Columbia need only consider two issues:  whether there is "reasonable cause to believe" that the Act has been violated and whether the "remedial purposes of the law will be served by pendente lite [injunctive] relief."  See International Union, U.A.W. v. NLRB (Ex-Cell-O Corp.), 449 F.2d 1046, 1051 (D.C. Cir. 1971) (Section 10(e) (29 U.S.C. Section 160(e) temporary injunction case), citing NLRB v. Aerovox Corporation of Myrtle Beach, South Carolina, 389 F.2d 475, 477 (4th Cir. 1967) (equating 10(e) standards with 10(j) criteria).  Most circuits have adopted this two-part standard, the second half of which is also characterized as whether temporary injunctive relief is "just and proper."  See, e.g., Arlook v. S. Lichtenberg & Co., Inc., 952 F.2d 367, 371 (11th Cir. 1992) and the cases cited therein.[2]

---

[2] Thus, the D. C. Circuit applies a traditional two-part reasonable cause and just and proper test to resolve 10(j) petitions in the District of Columbia district court.  The four-part test articulated by the district court in D'Amico v. U.S. Service Industries, Inc., 867 F.Supp. 1075 (D.D.C. 1994), is not binding on the district court in this case.  See Fund for Animals v. Mainella, 335 F. Supp. 2d 19, 27 (D. D.C. 2004) ("a decision by a district court has no precedential effect"); Flowers v. Executive Office of the President, 142 F. Supp. 2d 38, 42 (D. D.C. 2001) (district court decisions "do not establish 'the law of the district'").  Even assuming, however, that the Court rejects the reasonable cause standard in favor of the balancing applicable under the four-part equitable test, it is respectfully submitted that Petitioner's threshold "likelihood of success"

### A. The "Reasonable Cause" Standard

The Regional Director has a minimal burden to establish reasonable cause to believe that the Act has been violated; he or she need meet only a low threshold of proof. Kobell v. Suburban Lines, Inc., 731 F.2d 1076, 1084 (3d Cir. 1984). The district court may not decide the merits of the case. See, e.g., Arlook v. S. Lichtenberg & Co., Inc., 952 F.2d at 372-73. Nor should it resolve contested factual issues or credibility disputes. See, e.g., Scott v. El Farra Enterprises, Inc., 863 F.2d 670, 673 n. 6 (9th Cir. 1988), citing Fuchs v. Hood Industries, Inc., 590 F.2d 395, 397 (1st Cir. 1979); Gottfried v. Frankel, 818 F.2d 485, 493 and 494 (6th Cir. 1987); Fuchs v. Jet Spray Corp., 560 F. Supp. 1147, 1150-1151, n. 2 (D. Mass. 1983), affd. per curiam 725 F.2d 664 (1st Cir. 1983). Rather, the court should consider the evidence "in the light most favorable to the Board" (Arlook v. S. Lichtenberg & Co., Inc., 952 F.2d at 371-72) and should limit its inquiry to whether factual issues could ultimately be resolved by the Board in favor of the Regional Director (Fuchs v. Hood Industries, 590 F.2d at 397).

Similarly, on propositions of law, the Regional Director need only establish that the legal theories relied on are not insubstantial and frivolous. Arlook v. S. Lichtenberg & Co., Inc., 952 F.2d at 371-72 ("substantial, non-frivolous, coherent legal theory"); Pascarell v. Vibra Screw Inc., 904 F.2d 874, 882 (3d Cir. 1990) ("substantial, non-frivolous legal theory, implicit or explicit").

### 2. The Just and Proper Standard

---

supporting issuance of an interim injunction, and the determination of whether interim injunctive relief is in the public interest and is necessary to prevent irreparable harm to Petitioner and employee rights, which outweighs any minimal harm to the Respondent in doing what the law already requires, can likewise be best determined after full development of the administrative record before the Administrative Law Judge.

As the District of Columbia Circuit has recognized, interim injunctive relief is appropriate to protect the remedial purposes of the Act and, in particular, to preserve the Board's remedial powers from compromise by the passage of time inherent in obtaining a Board order. International Union, U.A.W. v. NLRB (Ex-Cell-O Corp.), 449 F.2d at 1051, citing NLRB v. Aerovox Corp., 389 F.2d at 477; Angle v. Sacks, 382 F.2d at 659. Thus, Section 10(j) relief is appropriate when "the circumstances of a case create a reasonable apprehension that the efficacy of the Board's final order may be nullified, or the administrative procedures will be rendered meaningless" unless such relief is granted. Id. at 660. See also, e.g., Aguayo v. Tomco Carburetor, 853 F.2d at 749; Pascarell v. Vibra Screw Inc., 904 F.2d at 878 (injunctive relief is warranted when the alleged violations "are likely to jeopardize the integrity of the bargaining process and thereby make it impossible or not feasible to restore or preserve the status quo pending litigation"); Asseo v. Centro Medico del Turabo, Inc., 900 F.2d 445, 454-455 (1st Cir. 1990) (same). Accord: Arlook v. S. Lichtenberg & Co. Inc., 952 F.2d at 372, 374 ("just and proper" standard met where Section 10(j) interim relief would be "more effective" to protect employee statutory rights than a final Board order).[3] In determining what interim relief is "just and proper," the district court should consider what is necessary to preserve or restore as nearly as possible the status quo before the alleged violations occurred. See Angle v. Sacks, 382 F.2d at 661; Kobell v. United Paperworkers Intern., 965 F.2d 1401, 1410 (6th Cir. 1992); International Union, U.A.W. v. NLRB (Ex-Cell-O Corp.), 449 F.2d at 1051, n. 25.

---

[3] Under this standard, the Board is not required to meet the traditional equitable criteria for injunctions, such as "irreparable injury." See International. Union , U.A.W. v. NLRB (Ex-Cell-O Corp.), supra, 449 F. 2d at 1051; Fleischut v. Nixon Detroit Diesel, Inc., 859 F. 2d 26, 30 n. 3 (6th Cir. 1988). See also Penello v. International Union, United Mine Workers, 88 F. Supp. 935, 942-43 (D.D.C. 1950).

## II. **It is Appropriate to Hear this Proceeding on the Basis of the Record Made Before the Board's Administrative Law Judge as Supplemented by Affidavits to Support the Warrant for Injunctive Relief**

In light of this statutory scheme, it is well settled that district courts in proceedings under Section 10(j) or 10(l) are not called upon to determine finally the merits of the unfair labor practice charges, but should only evaluate the evidence to determine whether the Regional Director has "reasonable cause" to believe that Respondent has violated the Act and that preliminary injunctive relief is "just and proper." Indeed, it is reversible error for a district court to go beyond this limited inquiry and to make findings on the ultimate merits of the charge. See Arlook v. S. Lichtenberg & Co., 952 F.2d at 372-373; Scott v. El Farra Enterprises, Inc., d/b/a Bi-Fair Market, 863 F.2d 670, 676 (9th Cir. 1988) (Sec. 10(j)); Solien v. United Steelworkers of America, 593 F.2d 82, 86-87 (8th Cir. 1979), cert. denied 444 U.S. 828 (Sec. 10(l)); Kaynard v. Independent Routemen's Association, 479 F.2d l070, l072 (2d Cir. l973) (Sec. 10(l)); Maram v. Universidad Interamericana de Puerto Rico, Inc., 722 F.2d 953, 958-959 (C.A. Puerto Rico, 1983)(Sec. 10(j)).

The district court is thus not called upon to resolve disputed issues of fact or the credibility of witnesses; this function is reserved exclusively for the Board in the underlying administrative proceeding. See NLRB v. Electro-Voice, Inc., 83 F.3d 1559, 1570, 1571 (7th Cir. 1996), cert. denied 519 U.S. 1055 (1997); Local 450, International Union of Operating Engineers, AFL-CIO v. Elliott, 256 F.2d 630, 638 (5th Cir. 1958) (Sec. 10(l)); Maram v. Universidad Interamericana de Puerto Rico, Inc., 722 F.2d at 958-959 (Sec. 10(j)).

Indeed, it is settled that, in these preliminary proceedings, the courts should give the Regional Director's version of the disputed facts the "benefit of the doubt," and should accept the

reasonable inferences he draws there from if they are "within the range of rationality".  Seeler v. The Trading Port, Inc., 517 F.2d 33, 36-37 (2d Cir. 1975) (Sec. 10(j)).  Accord:  Arlook v. S. Lichtenberg & Co., 952 F.2d at 371-372; Kaynard v. Palby Lingerie, Inc., 625 F.2d 1047, 1051 (2d Cir. 1980); Maram v. Universidad Interamericana de Puerto Rico, Inc., 722 F.2d at 958-959; Sharp v. Webco Industries, Inc., 225 F.3d at 1134.

Accordingly, in view of the Regional Director's "relatively insubstantial burden of proof,"[4] it is not necessary for a district court to hold a full, evidentiary hearing to enable it to conclude whether the "reasonable cause" and "just and proper" standards have been established.  See Gottfried v. Samuel Frankel, 818 F.2d at 493 and 494 (Sec. 10(j)).  Rather, in view of the foregoing, the weight of judicial authority holds that it is proper for a district court to make such determinations in Section 10(j) or 10(l) cases upon evidence other than oral testimony before the Court.  See Sharp v. Webco Industries, Inc., 225 F.3d at 1134 (affidavits); Gottfried v. Samuel Frankel, 818 F.2d at 493 (combination of affidavits and ALJ transcript).  Thus, "reasonable cause" and "just and proper" determinations can properly be based upon the transcript of sworn testimony given before an NLRB administrative law judge, subject to cross examination, in the underlying administrative proceeding that provides for full evidentiary hearing and due process.  See Gottfired v. Samuel Frankel, 8181 F.2d at 493; Silverman v. JRL Food Corp., 196 F.3d 334, 337 (2d Cir. 1999)(ALJ transcript); Asseo v. Pan American Grain Co., 805 F.2d 23, 25-26 (1st Cir. l986) (the use of an ALJ transcript "could be of considerable assistance in expediting the

---

[4]  See, e.g., Kobell v. Suburban Lines, Inc., 731 F.2d 1076, 1084 (3d Cir. 1984); Levine v. C & W Mining Co., 610 F.2d 432, 435 (6th Cir. 1979).

work of the [district] court."); Eisenberg v. Honeycomb Plastics Corp., 125 LRRM 3257, 3262 (D. N.J. 1987).[5]

In addition, neither Rule 43(e) nor Rule 65 of the Federal Rules of Civil Procedure requires oral testimony or an evidentiary hearing in this type of statutory, temporary injunction proceeding, Kennedy v. Sheet Metal Workers, 289 F. Supp. 65, 87-91 (C.D. Cal. 1968),[6] and such procedures do not deny a fair hearing or due process to the Respondent.  See Asseo v. Pan American Grain Co., 805 F.2d at 25-26; Gottfried v. Samuel Frankel, 818 F.2d at 493; San Francisco-Oakland Newspaper Guild v. Kennedy, 412 F.2d at 546.  Cf. Brock v. Roadway Express, Inc. 481 U.S. 252, 263-64, 107 S.Ct. 1740 (1987) (Secretary of Labor may order temporary reinstatement of unlawfully discharged employee pending full administrative hearing; not a denial of due process to deny respondent full evidentiary hearing at preliminary stage). In fact, the Comment to this Court's Rule 65.1(d) emphasizes that "the grounds for exclusion of live testimony are taken from Rule 403, Federal Rules of Evidence."

Finally, District Court Rule 65.1(d) concerning "Hearings On Applications For Preliminary Injunction" states, inter alia, that "[t]he practice in this jurisdiction is to decide preliminary injunction motions without live testimony where possible."  In fact, the Comment to this Court's Rule 65.1(d) emphasizes that "the grounds for exclusion of live testimony are taken from Rule 403, Federal Rules of Evidence."  Thus, even where a party requests that witnesses be heard, Rule 65.1(d) states that the "court may decline to hear witnesses at the hearing where the need for live

---

[5]  In Kaynard v. Palby Lingerie, Inc., 625 F.2d 1047, 1050-51 (2d Cir. 1980), the Second Circuit affirmed a Section 10(j) injunction issued by a district court on the basis of the transcript and exhibits adduced before the administrative law judge in the underlying administrative proceeding.

testimony is outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Those considerations are present here.  The full administrative evidentiary hearing before an Administrative Law Judge of the National Labor Relations Board will begin in 10 business days on March 13, 2006.  It is unlikely that the Court would set a hearing, complete with English/Spanish translation, until after that administrative trial concludes, thereby duplicating litigation regarding cumulative evidence, which is both unnecessary and wasteful of time and money.

In sum, submission of this Section 10(j) matter on the transcript and exhibits submitted by the Board and the Respondent before the Board's administrative law judge, to be supplemented by affidavits, if necessary, regarding the warrant for injunctive relief, will avoid the delay inherent in scheduling and conducting a full evidentiary hearing before the Court, will avoid the delay inherent in scheduling and conducting a full evidentiary hearing with English/Spanish translation, will avoid duplicative litigation, will facilitate a speedy decision, and will conserve the time and resources of this busy Court and the parties.[7]  Such procedure fully comports with the statutory priority that should be given to this proceeding under 28 U.S.C. Section 1657(a) and the original intent of the 1947 Congress which enacted Section 10(j).  See I Legislative History LMRA 1947 414, 433 (Government Printing Office 1985).

---

[6]  Accord:  Kennedy v. Teamsters Local 542, 443 F.2d 627, 630 (9th Cir. 1971).  There is nothing in the texts of Section 10(j) and 10(l) that mandates oral testimony in these proceedings.  See San Francisco-Oakland Newspaper Guild v. Kennedy, 412 F.2d 541, 546 (9th Cir. 1969).

[7]  The record before the Board's Administrative Law Judge will likely not contain evidence regarding the need for interim relief, as such issues are not germane to the Board's administrative proceeding.  Thus, there may be need to supplement the administrative record with affidavit testimony regarding the warrant for interim relief.  Such material, if necessary, will be provided at the same time that the transcript and exhibits from the hearing before the Board's Administrative Law Judge is provided to the Court.

### III. Conclusion

Based upon the above analysis, the Petitioner respectfully requests that the Court grant the instant motion to utilize as the record for this Section 10(j) proceeding the record made by the parties in the underlying Board administrative proceeding, as supplemented by affidavits, if necessary, regarding the propriety of injunctive relief. Petitioner also requests that the parties be permitted to submit memoranda of points and authorities which will provide detailed and specific record references to the administrative record to assist the Court in its timely evaluation of this Petition.[8]

For the foregoing reasons it is respectfully submitted that the Court grant this Motion to hear this Petition on the basis of the record developed before the Administrative Law Judge, deny any request for live testimony, and set the following timetable for hearing the Petition for Temporary Injunction Under Section 10(j) of the National Labor Relations Act in this matter:

- Within 3 days after receipt by Petitioner of a copy of the expedited transcript, Petitioner will file with the Court the transcripts and exhibits from the administrative hearing before the Board's Administrative Law Judge.

- Within 14 days after the filing of the administrative transcript and exhibits with the Court, the Petitioner will file a Memorandum of Points and Authorities with record references to the administrative record and all supporting evidence, and

---

[8] Counsel for Petitioner contacted Counsel for Charging Party Union in this matter, Devki K. Virk, Esq., and Counsel for Respondent Hotel, Jonathan Wolfe Greenbaum, Esq., to obtain their position on this motion. Counsel for Charging Party Union authorized the undersigned to represent that Charging Party Union joins in this Motion. Counsel for Respondent Hotel indicated that Respondent opposes this Motion at this time.

   simultaneously supplement the administrative record by separate affidavits on the isssue of "just and proper" injunctive relief, if necessary.

- Respondent will be permitted to file an Answer to the Petition and file a memorandum of points and aunthorities within 11 days after the filing of the memorandum of points and authorities by Petitioner.

Respectfully submitted and dated in Baltimore, Maryland, this 24th day of February 2006.


    ___/s/_____
Thomas P. McCarthy, Esq.
Counsel for Petitioner
National Labor Relations Board, Region 5
Washington Resident Office
1099 14th Street, N.W., Room 5528E
Washington, DC 20570
(202) 501-8659
DC Bar # 417310


    ____/s/_____
Albert W. Palewicz, Esq.
Regional Attorney
National Labor Relations Board, Region 5
103 S. Gay Street, 8th Floor
Baltimore, MD 21202
(410) 962-2811