UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**WAYNE R. GOLD**, Regional Director    \*
of Region Five of the National Labor    \*
Relations Board, for and on behalf    \*
of the **NATIONAL LABOR RELATIONS**    \*
**BOARD,**    \*
   \*
      103 S. Gay Street, 8th Floor    \*
      Baltimore, MD 21202    \*
   \*
                 **Petitioner**    \*
      v.    \*           **CIVIL No. 1:06-CV-00329**
   \*           **Judge Kollar-Kotelly**
   \*
   \*
**STATE PLAZA, INC.,**    \*
**A WHOLLY-OWNED SUBSIDIARY**    \*
**OF RB ASSOCIATES, INC.,**    \*
**D/B/A STATE PLAZA HOTEL**    \*
   \*
      Mr. James Marten, President    \*
      State Plaza Inc., A Wholly-Owned    \*
      Subsidiary of RB Associates, Inc.,    \*
      d/b/a State Plaza Hotel    \*
      2117 E Street, NW    \*
      Washington, DC  20037    \*
   \*
               **Respondent**    \*
   \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW AND
<u>PROPOSED ORDER GRANTING TEMPORARY INJUNCTION</u>**

This case came to be heard upon the Petition of Wayne R. Gold, Regional Director of

Region 5 of the National Labor Relations Board (herein the Board) for a temporary injunction

under Section 10(j) of the National Labor Relations Act (herein the Act), 29 U.S.C. Section

160(j), pending the final disposition of the administrative cases now pending before the Board in

Case 5-CA-32594 on Amended Complaint and Notice of Hearing of the General Counsel of the

Board charging that Respondent State Plaza, Inc., a wholly-owned subsidiary of RB Associates, Inc., d/b/a State Plaza Hotel, (herein Respondent or Hotel) has engaged in, and is engaging in, unfair labor practices in violation of Section 8(a)(1), (3), and (5) of the Act.   All parties were afforded full opportunity to be heard, to present evidence bearing upon the issues, and to argue on the evidence and the law.   The Court has fully considered the Petition, the Answer, evidence, arguments and briefs of counsel, and upon the entire record the Court makes the following:

## FINDINGS OF FACT

1.      Petitioner is the Regional Director of Region Five of the Board, an administrative agency of the United States government, and files this Petition for and on behalf of the unanimous Board.

2.      The Court has jurisdiction of this matter under Section 10(j) of the Act, 29 U.S.C. Section 160(j).

3.      (a)  On July 25, 2005, under the provisions of the Act, the Hotel and Restaurant Employees, Local 25, UNITE HERE International Union, (the Union or Local 25), filed an unfair labor practice charge with the Board alleging in Case 5-CA-32594 that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act. A copy of this charge was served by mail on Respondent on July 26, 2005.

(b)  On August 11, 2005, the Union filed a first amended unfair labor practice charge with the Board alleging in Case 5-CA-32594 that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act. A copy of this first amended charge was served by mail on Respondent on August 12, 2005.

(c)  On October 14, 2005, the Union filed a second amended unfair labor practice charge with the Board alleging in Case 5-CA-32594 that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act.  A copy of this second amended charge was served by mail on Respondent on October 15, 2005.

(d)  On October 31, 2005, the Union filed a third amended unfair labor practice charge with the Board alleging in Case 5-CA-32594 that Respondent has engaged in, and is

engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3), and (5) of the Act. A copy of this third amended charge was served by mail on Respondent on October 31, 2005.

(e)    The unfair labor practice charges described in paragraph 3(a)-(d), were referred to Petitioner, as the Regional Director of Region 5 of the Board, whose office is located in Baltimore, Maryland.

4.    (a)    On October 31, 2005, upon the unfair labor practice charges referred to above in paragraphs 3(a)-(d), the General Counsel of the Board, on behalf of the Board, by the Petitioner as the Regional Director of Region 5 of the Board, issued a Complaint and Notice of Hearing under Section 10(b) of the Act, alleging in Case 5-CA-32594 that Respondent has engaged in, and is engaging in, unfair labor practices as charged within the meaning of Section 8(a)(1), (3), and (5) of the Act.

(b)    On November 10, 2005, Respondent filed an Answer to the Complaint and Notice of Hearing in Case 5-CA-32594.

5.    (a)    On December 27, 2005, upon the unfair labor practice charges referred to above in paragraphs 3(a)-(d), the General Counsel of the Board, on behalf of the Board, by the Petitioner as the Regional Director of Region Five of the Board, issued an Amended Complaint and Notice of Hearing under Section 10(b) of the Act, as further amended at hearing, alleging in Case 5-CA-32594 that Respondent has engaged in, and is engaging in, unfair labor practices as charged within the meaning of Section 8(a)(1), (3), and (5) of the Act.

(b)    On January 9 and March 9, 2006, Respondent filed Amended Answers to the Amended Complaint and Notice of Hearing in Case 5-CA-32594.

6.    There is, and Petitioner has shown reasonable cause to believe, that:

(a)    Respondent is a District of Columbia corporation that maintains an office and place of business in Washington, DC, within this judicial district. Respondent owns and operates a hotel and provides food, beverage and lodging to its customers. During the preceding twelve months, a representative period, in the course and conduct of its business operations, Respondent derived gross revenues in excess of $500,000, and purchased and received goods,

supplies, and services valued in excess of $5,000 directly from points located outside the District of Columbia.

(b)    Respondent is now, and at all material times has been, an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

(c)    The Union is an unincorporated association in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment and other terms and conditions of employment.

(d)    The Union is now, and has been at all material times, a labor organization within the meaning of Section 2(5) of the Act.

(e)    At all times material herein, the following named persons have occupied the position set forth opposite their respective names, and are now, and have been agents of Respondent within the meaning of Section 2(13) of the Act:

| | |
|---|---|
| Alexandra Guillen | Agent |
| Reina Lozano | Agent |
| Corrado Palenzona | General Manager |
| Fanny Reird | Supervisor |
| Abdoulaye Ba | Supervisor |
| Lisa Alvarado | Supervisor |
| Lidia Carmen Hernandez | Supervisor |
| Karen Martinez | Supervisor |
| Steve Belo | Supervisor |

(f) At all material times, an unnamed agent held the position of Counsel to Respondent and has been an agent of Respondent within the meaning of Section 2(13) of the Act.

(g) The following employees of Respondent, herein called the Unit, constitute a

unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of

the Act:

> All full-time and regular part-time employees, including cooks,
> prep cooks, dishwashers, pantry, utility, waiters, busers, hosts,
> bartenders, room servers, servers, housekeepers, room
> attendants, lobby attendants, housemen, turn-down attendants,
> laundry attendants, guest service agents, bellmen, bell captains,
> mini-bar attendants and restaurant cashiers, employed by the
> Employer at the State Plaza Hotel in Washington, D.C;
> excluding all reservation sales representatives, office clericals,
> engineers, painters, guards and supervisors as defined by the
> Act.

(h) On or about June 30, 2004, the Union was certified as the exclusive

collective-bargaining representative of the Unit.

(i) At all times since June 30, 2004, based on Section 9(a) of the Act, the Union

has been the exclusive collective-bargaining representative of the Unit.

7.    There is, and Petitioner has shown reasonable cause to believe and a substantial

likelihood of proving in the Board proceeding that the allegations of the Amended Complaint in

Case 5-CA-32594 and Petition in this matter are true, and that Respondent, through the

supervisors and agents named in paragraph 6(e), acting on Respondent's behalf, has engaged in

and is engaging in unfair labor practices within the meaning of Section 8(a)(1), (3), and (5) of the

Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act.  More

particularly, Petitioner has shown reasonable cause to believe and a substantial likelihood of

proving that Respondent is interfering with, restraining and coercing employees in the exercise of

their rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act;

discriminating in regard to the hire, tenure and terms and conditions of employment of

employees to discourage membership in the Union in violation of Section 8(a)(3) and (1) of the

Act; and refusing to bargain in good-faith with the Union as the certified and exclusive

collective-bargaining representative of unit employees in violation of Section 8(a)(5) and (1) of

the Act. In support of these findings, Petitioner has shown the following:

      8.    Beginning in March 2005, Respondent engaged in a series of unfair labor practices

intended to undermine employee support for the Union. Specifically, as more fully set forth

below, Respondent repeatedly interrogated employees about their Union activity, repeatedly

created the impression of surveillance concerning their Union activity, promulgated overly broad

no distribution rules on several occasions, sponsored and solicited decertification petitions,

repeatedly promised employees substantial pay raises if they signed decertification petitions,

withdrew recognition from the Union in the context of the tainted decertification efforts, dealt

directly with employees by granting the promised pay raises after its unlawful withdrawal of

recognition from the Union, and engaged in other coercive actions, all of which have had the

effect of inhibiting and eroding the unit employees' support for the Union and the Union's ability

to bargain on behalf of unit employees in an atmosphere free from the taint of debilitating unfair

labor practices. Absent interim injunctive relief ordering Respondent to cease and desist from its

unfair labor practices, and to recognize and bargain with the Union and rescind unilateral

changes, on request, the Court finds that Respondent's continued disregard for the Union's

rightful representational role will irreparably deprive employees of the benefits of collective

bargaining pending the Board's administrative adjudication and will inevitably lead to further

erosion of employee support for the Union. More specifically, Petitioner has shown reasonable

cause to believe and a substantial likelihood of proving that Respondent has engaged in the

following unfair labor practices:

9.    In or around June 2005, the exact date being presently unknown to the undersigned, Respondent, by agent Alexandra Guillen in the employee cafeteria, restrained and coerced employees in the exercise of their rights guaranteed in Section 7 of the Act by telling employees that they have betrayed Respondent by not signing a decertification petition.

10.    Respondent, by Corrado Palenzona:

(a)  in or around March 2005, the exact date being presently unknown to the undersigned, in a conference room, restrained and coerced employees by telling them that Respondent was going to rid itself of the Union by sponsoring a decertification petition;

(b)  in or around March 2005, the exact date being presently unknown to the undersigned, in his office, told employees that, because they support the Union, he does not want anything to do with them; and

(c)  on or about April 19, 2005, and May 12, 2005, in his office, through oral announcements, promulgated the following rule:

> Employees cannot distribute pro-union literature inside the
> Hotel at any time and that pro-union literature is prohibited
> within the Hotel.

11.    Respondent, by the individuals named below, on or about the dates (where exact dates are not set forth, they are presently unknown to the undersigned) and at the locations opposite their respective names, created the impression among its employees that their union activities were under surveillance by Respondent:

| (Agent) | (Date) | (Location) |
|---------|--------|------------|
| Corrado Palenzona | March, 2005 | Palenzona's Office |
| Corrado Palenzona | April 19, 2005 | Palenzona's Office |
| Corrado Palenzona | May 12, 2005 | Kitchen |

| Corrado Palenzona | May 12, 2005 | Palenzona's Office |
| Alexandra Guillen | June 2005 | Employee Cafeteria |
| Corrado Palenzona | June 2005 | First Floor, Hotel |
| Fanny Reird | July 2005 | Employee Cafeteria |
| Abduolaye Ba | July 2005 | Employee Cafeteria |
| Lisa Alvarado | July, 2005 | Laundry Room |

12.   Respondent, by the individuals named below, on or about the dates (where exact dates are not set forth, they are presently unknown to the undersigned) and at the locations opposite their respective names, interrogated employees about their union activities:

| (Agent) | (Date) | (Location) |
| --- | --- | --- |
| Corrado Palenzona | March 2005 | Palenzona's Office |
| Corrado Palenzona | April 19, 2005 | Palenzona's Office |
| Corrado Palenzona | May 12, 2005 | Kitchen |
| Corrado Palenzona | May 12, 2005 | Palenzona's Office |
| Alexandra Guillen | June 2005 | Employee Cafeteria |
| Corrado Palenzona | June 2005 | First Floor, Hotel |
| Fanny Reird | July 2005 | Employee Cafeteria |

13.   Respondent, by the individuals named below, on or about the dates (where exact dates are not set forth, they are presently unknown to the undersigned) and at the locations opposite their respective names, promised employees increased benefits and improved conditions of employment, if employees signed a petition to decertify the Union:

| (Agent) | (Date) | (Location) |
| --- | --- | --- |

| | | |
|---|---|---|
| Alexandra Guillen | March 2005 | North Side Elevator |
| Alexandra Guillen | March 2005 | Second Floor, Hotel |
| Alexandra Guillen | March 2005 | First Floor, Hotel |
| Alexandra Guillen | March 2005 | Room, Hotel |
| Reina Lozano | March 2005 | North Side Elevator |
| Reina Lozano | March 2005 | Second Floor Hotel |
| Reina Lozano | March 2005 | Room, Hotel |
| Corrado Palenzona | March 2005 | Palenzona's Office |
| Alexandra Guillen | April 2005 | Hallway, Hotel |
| Reina Lozano | April 2005 | Hallway, Hotel |
| Alexandra Guillen | June, 2005 | Hotel Cafeteria |

14.    Respondent, by the individuals named below, on or about the dates (where exact dates are not set forth, they are presently unknown to the undersigned) and at the locations opposite their respective names, restrained and coerced employees by soliciting employees to sign a decertification petition:

| (Agent) | (Date) | (Location) |
|---|---|---|
| Corrado Palenzona | March, 2005 | Palenzona's Office |
| Alexandra Guillen | March 2005 | In Hotel's North Side Elevator |
| Alexandra Guillen | March 2005 | Second FloorHotel |
| Alexandra Guillen | March 2005 | First Floor, Hotel |
| Alexandra Guillen | March 2005 | Room, Hotel |
| Reina Lozano | March 2005 | North Side Elevator |

| | | |
|---|---|---|
| Reina Lozano | March 2005 | Second Floor Hotel |
| Reina Lozano | March 2005 | Room, Hotel |
| Alexandra Guillen | April 2005 | Hallway, Hotel |
| Reina Lozano | April 2005 | Hallway, Hotel |
| Alexandra Guillen | June 2005 | Hotel Cafeteria |

15.    Respondent, by the individuals named below, on or about the dates (where exact dates are not set forth, they are presently unknown to the undersigned) and at the locations opposite their names, restrained and coerced employees by telling and instructing employees to solicit a decertification petition:

| (Agent) | (Date) | (Location) |
|---|---|---|
| Corrado Palenzona | March 2005 | Diplomat Room |
| Corrado Palenzona | March 2005 | Food & Beverage Office, Hotel |

16.    (a)  On or about July 8, 2005, Respondent increased the benefits of its employees by granting all employees in the housekeeping department a wage rate raise.

(b)  Respondent engaged in the conduct described above in paragraph 16(a), because employees of Respondent formed, joined or assisted the Union and engaged in concerted activities; to discourage employees from engaging in these activities; and to encourage employees to refrain from these activities.

17.    Since on or about December 2, 2004, the Union, by letter, requested that Respondent bargain collectively with the Union as the exclusive collective-bargaining representative of the Unit.

18.    On or about July 5, 2005, Respondent withdrew its recognition of the Union exclusive collective-bargaining representative of the Unit.

19.    (a)  On or about July 8, 2005, Respondent granted all employees in the housekeeping department a wage rate raise.

(b)  The subject set forth above in paragraph 19(a) relates to wages, hours an other terms and conditions of employment of the Unit and is a mandatory subject for the purposes of collective bargaining.

(c)  Respondent engaged in the conduct described above in paragraph 19(a), without prior notice to the Union and without affording the Union an opportunity to bargain Respondent with respect to this conduct and the effects of this conduct.

20.    On various dates between March and July 2005, Respondent, by Corrado Palenzona, Reina Lozano and Alexandra Guillen, in various locations, bypassed the Union dealt directly with its employees in the Unit by promising benefits to employees who signed decertification petitions.

21.    Petitioner has demonstrated that there is reasonable cause to believe and a substantial likelihood of proving that by the acts and conduct set forth in paragraphs 9 throu and including paragraph 16(a), and by each of those acts, Respondent has interfered with, restrained and coerced and is interfering with, restraining and coercing its employees in the exercise of their rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of t Act.

22.    Petitioner has demonstrated that there is reasonable cause to believe and a substantial likelihood of proving that by the acts and conduct set forth in paragraph 16, and each of those acts, Respondent has been discriminating in regard to the hire, tenure and/or t

or conditions of employment, of its employees, thereby discouraging membership in a labor

organization in violation of Section 8(a)(1) and (3) of the Act.

23.     Petitioner has demonstrated that there is reasonable cause to believe and a

substantial likelihood of proving that by the acts and conduct set forth in paragraphs 18, 19, and

20, and by each of those acts, Respondent has been failing and refusing to bargain collectively

and in good faith with the exclusive collective-bargaining representative of its employees within

the meaning of Section 8(d) of the Act in violation of Section 8(a)(1) and (5) of the Act.

24.     The unfair labor practices of Respondent described above affect commerce within

the meaning of Section 2(6) and (7) of the Act.

25.     The unfair labor practices of Respondent described above in paragraphs 9 through

24 have taken place within this judicial district.

26.     Petitioner has demonstrated that there is reasonable cause to believe and a

substantial likelihood of proving or, at the very least, a substantial case on the merits before the

Board that, by the acts and conduct set forth in paragraphs 9 through and including paragraph 24,

and by each of those acts, Respondent has interfered with, restrained and coerced and is

interfering with, restraining and coercing its employees in the exercise of the rights guaranteed

them by Section 7 of the Act, and has discriminated and is discriminating in regard to hire, tenure

and terms and conditions of employment of employees to discourage membership in the Union,

and has failed and refused and is failing and refusing to bargain collectively and in good faith

with the exclusive collective-bargaining representative of its employees within the meaning of

Section 8(d) of the Act, and thereby Respondent has engaged in, and continues to engage in,

unfair labor practices within the meaning of Sections 8(a)(1), (3), and (5) of the Act.

27.     Based on the conduct pending before the Board in Case 5-CA-31346 and the

conduct at issue in this Case 5-CA-32594, it may be fairly anticipated that unless Respondent's

conduct of the unfair labor practices described above is immediately enjoined and restrained,

Respondent will continue to engage in those acts and conduct, or similar acts and conduct

constituting unfair labor practices in violation of Sections 8(a)(1), (3), and (5) of the Act, and

will continue to interfere with, restrain and coerce employees in the exercise of the rights

guaranteed them by Section 7 of the Act, to discriminate against employees in regard to their

hire, tenure and terms and conditions of employment to discourage membership in the Union,

and to fail and refuse to bargain collectively and in good faith with the exclusive collective-

bargaining representative of its employees within the meaning of Section 8(d) of the Act, all in

violation of Sections 8(a)(1), (3), and (5) of the Act.  Interim injunctive relief under Section 10(j)

of the Act is warranted to prevent irreparable destruction to the Union's level of support and

employees' Section 7 rights, to prevent unit employees from losing the benefits of collective

bargaining pending Board Decision and Order, and to insure the efficacy of the Board's final

Order.  Petitioner has demonstrated that there is reasonable cause to believe and a substantial

likelihood of proving or, at the very least, a substantial case on the merits before the Board that

Respondent thwarted its employees' attempts to unionize and support the certified Union's

collective-bargaining efforts and coerced loss of support for the Union by:

(a) engaging in the serious unfair labor practices alleged in paragraphs 9 through

24, including;

(b) promulgating overly broad no-distribution rules;

(c) creating the impression of surveillance of union activity;

(d) interrogating employees about their union activities and involvement;

(e) telling employees that the Respondent was going to rid itself of the Union;

(f) telling and instructing employees to solicit decertification petitions;

(g) promising benefits by telling employees they would receive a raise to $12.50 per hour if they signed petitions seeking the removal of the Union;

(h) telling employees that the Respondent does not want anything to do with them because they support the Union;

(i) telling employees that they have betrayed Respondent by not signing a decertification petition;

(j) soliciting signatures from employees for decertification petitions;

(k) withdrawing recognition from the Union based on tainted decertification efforts and petitions and without evidence that an uncoerced majority of employees no longer support the Union;

(l) dealing directly with employees regarding wages after unlawfully withdrawing recognition from the Union; and

(m) granting employees in the bargaining unit wage increases in accordance with the promises made by Respondent and its agents when the decertification petitions were circulated.

## CONCLUSIONS OF LAW

1.     This Court has jurisdiction over the parties and subject matter of this proceeding and under Section 10(j) of the Act is empowered to grant temporary injunctive relief.

2.     Respondent State Plaza, Inc., a wholly-owned subsidiary of RB Associates, Inc., d/b/a State Plaza Hotel has been, at all times material herein, an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act, 29 U.S.C. Section 152(2), (6) and (7).

3.      On the basis of the evidence presented and the law, Petitioner has demonstrated that he has reasonable cause to believe and a substantial likelihood of proving or, at the very least, a substantial case on the merits before the Board, that Respondent engaged in and continues to engage in the unfair labor practices set forth in paragraphs 9 though 24 above; that Petitioner as proponent of the public interest, and the unit employees and the Union, will suffer irreparable harm if interim injunctive relief is denied; that Respondent will not suffer substantial harm if interim injunctive relief is granted as Respondent will merely be required to do what the law already requires; and that the public interest and balancing of the equities favors the granting of immediate injunctive relief under Section 10(j) of the Act.

4.      By the acts and conduct described in Findings of Fact 9 through 24, Respondent interfered with, restrained and coerced and is interfering with, restraining and coercing its employees in the exercise of their rights guaranteed in Section 7 of the Act; discriminated and is discriminating in regard to hire, tenure and terms and conditions of employment of employees to discourage membership in the Union; and has refused and is refusing to bargain in good-faith with the Union as the certified and exclusive collective-bargaining representative of unit employees within the meaning of Section 8(d) of the Act, and thereby Respondent has engaged in, and continues to engage in, unfair labor practices within the meaning of Section 8(a)(1), (3), and (5) of the Act, 29 U.S.C. Sections 158(a)(1), (3), and (5).

5.      To preserve the issues for the orderly determination as provided for in the Act, and to avoid the serious consequences set forth above, it is therefore just and proper, for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable and immediate injury to those policies, to the employees and the Union involved, and to the public interest, and in accordance with the remedial purposes and provisions of Section 10(j) of the Act,

29 U.S.C. Section 160(j), that pending final disposition of the administrative matters involved in

NLRB Case 5-CA-32594 pending before the Board, that Respondent be enjoined and restrained

from the commission, continuation or repetition of the acts and conduct set forth above in

Findings of Fact 9 through 24, acts or conduct in furtherance or support thereof, or like or related

acts or conduct, the commission of which in the future is likely or may fairly be anticipated from

Respondent's acts and conduct in the past.

      6.     Furthermore, to avoid the serious consequences set forth above, it is just and

proper, for the purposes of effectuating the purposes and policies of the Act and avoiding

substantial, irreparable and immediate injury to those policies, to the employees and the Union

involved, and to the public interest, and in accordance with the purposes of Section 10(j) of the

Act, 29 U.S.C. Section 160(j), that pending final disposition of the administrative matters

involved in NLRB Case 5-CA-32594 now pending before the Board, the Respondent be directed,

enjoined and restrained as follows:

### ORDER GRANTING TEMPORARY INJUNCTION

      This case came to be heard on the Petition of Wayne R. Gold, Regional Director of

Region 5 of the National Labor Relations Board, for and on behalf of the Board, for a temporary

injunction under Section 10(j) of the National Labor Relations Act, 29 U.S.C. Section 160(j),

pending the final adjudication by the National Labor Relations Board of the underlying unfair

labor practice allegations in NLRB Case 5-CA-32594. The Court, upon expedited consideration

of the Petition, Answer, record evidence and exhibits, briefs, arguments of counsel, and the entire

record in the case, and consistent with 28 U.S.C. Sec. 1657(a) and the remedial purposes of

Section 10(j) of the Act, has made and filed its Opinion, Findings of Fact and Conclusions of

Law, finding and concluding that Petitioner has reasonable cause to believe and has demonstrated

that he has a substantial likelihood of proving or, at the very least, a substantial case on the merits

before the Board, that Respondent has engaged in, and is engaging in, acts and conduct in

violation of Sections 8(a)(1), (3), and (5) of the Act, affecting commerce within the meaning of

Section 2(6) and (7) of the Act, that such conduct will likely be repeated or continued unless

enjoined, and that such conduct will frustrate the purposes of the Act by rendering the alleged

unfair labor practices irremediable.

Now therefore, upon the entire record, pending final adjudication by the Board of the

matters pending in Case 5-CA-32594, it is ORDERED, ADJUDGED, AND DECREED that

1.      Respondent, **State Plaza, Inc., a wholly-owned subsidiary of RB Associates,**

**Inc., d/b/a State Plaza Hotel,** its officers, representatives, agents, servants, employees,

attorneys, and all persons acting in concert or participation with it or them, at Respondent's Hotel

located at 2117 E Street, NW, Washington, DC, or any other location obtained during the life of

this injunction, and pending the final disposition of the matters involved now pending before the

Board, to cease and desist from:

(a) withdrawing recognition from Hotel and Restaurant Employees, Local 25,

UNITE HERE International Union as the collective-bargaining representative of the unit

employees;

(b) failing and refusing to recognize and bargain with Hotel and Restaurant

Employees, Local 25, UNITE HERE International Union;

(c) dealing directly with unit employees regarding wages, hours, and/or other

terms and conditions of employment;

(d) granting unit employees wage increases to discourage employees' union

activities, and without affording the Union an opportunity to bargain;

(e) instructing unit employees to solicit and sign any decertification petition;

(f) promising unit employees increased benefits and improved conditions of employment if employees sign decertification petitions;

(g) coercing employees in the exercise of their Section 7 rights;

(h) promulgating overly broad no-distribution rules;

(i) creating the impression among its employees that their union activities are under surveillance;

(j) interrogating employees about their union activities;

(k) restraining and coercing employees by soliciting them to sign decertificatio petitions; and

(l) in any like or related  manner interfering with, restraining or coercing employees in the exercise of their Section 7 rights.

2.    Affirmatively, requiring Respondent, its officers, representatives, agents, supervisors, employees, attorneys, and all persons acting in concert or participation with them Respondent's Hotel located at 2117 E Street, NW, Washington, DC, or any other location obtained during the life of this interim injunction, and pending the final disposition of the ma involved now pending before the Board, to:

(a)    Recognize and, upon request, bargain in good faith with the Union as t certified and exclusive collective-bargaining representative of the unit employees regarding tl wages, hours, and other terms and conditions of employment;

(b)    If requested by the Union, rescind the wage increases granted to unit employees on July 8, 2005, and any other unilateral changes made in terms and conditions of employment made by Respondent after it withdrew recognition from the Union on July 5, 20

(c)    Post copies of the District Court's Opinion and Order in this matter, in English and in Spanish translation, at all locations where notices to employees are customarily posted by Respondent; at all future work locations that Respondent acquires during the term of the Court's Order in this Section 10(j) injunction proceeding; and at each of Respondent's own offices in the Washington, DC, metropolitan area.  Respondent shall maintain such notices free from all obstructions or defacements pending the Board's administrative proceeding, and grant reasonable access to the Respondent's facilities to agents of the Board for the purpose of monitoring compliance with this posting requirement; and

(d)    Within twenty (20) days of the issuance of this Order, file with the Distri Court, and serve a copy upon Petitioner, the Regional Director of Region 5 of the Board, a swor affidavit from a responsible official of Respondent, which describes with specificity how the Respondent has complied with the terms of this decree, including the exact locations where the Respondent has posted the materials required under this Order.

IT IS FURTHER ORDERED that this injunction shall remain in effect pending the fina adjudication by the National Labor Relations Board of NLRB Case 5-CA-32594.

SO ORDERED.

Dated in Washington, D.C., this _____ day of April 2006.

_____
Honorable Colleen Kollar-Kotelly
United States District Court