UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Wayne R. Gold,** Regional Director of Region Five of the National Labor Relations Board, for and on behalf of the **NATIONAL LABOR RELATIONS BOARD,**<br><br>103 S. Gay Street, 8th Floor<br>Baltimore, MD 21202<br><br>**Petitioner**<br><br>v.<br><br>STATE PLAZA, INC.,<br>A WHOLLY-OWNED SUBSIDIARY<br>OF RB ASSOCIATES, INC.,<br>D/B/A STATE PLAZA HOTEL<br><br>**Respondent** | Civil No. 1:06-CV-00329<br>Judge Kollar-Kotelly |

**RESPONDENT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AND PROPOSED ORDER DENYING INJUNCTIVE RELIEF UNDER SECTION 10(J) OF THE NATIONAL LABOR RELATIONS ACT**

Respondent, State Plaza, Inc. by counsel, herby submits its Proposed Findings of Fact and Conclusions of Law.[1]

This case came to be heard upon the Petition of Wayne R. Gold, Regional Director of Region 5 of the National Labor Relations Board ("the Board") for a temporary injunction under Section 10(j) of the National Labor Relations Act, 29 U.S.C. Section 160(j) ("the Act"), pending

---

[1] As this proceeding is for a temporary injunction the Court is not to make factual determinations as to the underlying merits of the claims. Respondent's "facts" are in the context of the 10(j) standard substantial likelihood of success on those merits in the Board proceeding. The majority of Petitioner's Proposed Findings of Facts asks this Court to make factual determinations on the merits. This request is improper in this type of matter—a petition for temporary injunction. Such factual determinations should be made by the Board. Moreover, Petitioner ignores the record that was established before the NLRB ALJ after it filed its Petition and completely fails to offer any evidentiary support for a "just and proper" finding.

the final disposition of the administrative cases now pending before the Board in Case 5-CA-32594 on Amended Complaint and Notice of Hearing of the General Counsel of the Board charging that Respondent engaged in unfair labor practices in violation of Section 8(a)(1), (3), and (5) of the Act. All parties were afforded the full opportunity to be heard, to present evidence bearing upon the issues, and to argue on the evidence and the law. The Court has fully considered the Petition, the Answer, evidence, arguments, and briefs of counsel, and upon the entire record the Court makes the following:

## **FINDINGS OF FACT**

1. Petitioner is the Regional Director of Region Five of the Board, an administrative agency of the United States government, and files this Petition for and on behalf of the Board.

2. The Court has jurisdiction of this matter under Section 10(j) of the Act.

3. (a) On July 25, 2005, under the provisions of the Act, the Hotel and Restaurant Employees, Local 25 UNITE HERE International Union, ("the Union" or "Local 25"), filed an unfair labor practice charge with the Board alleging that Respondent engaged in unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act.

(b) On August 11, 2005, the Union filed a first amended unfair labor practice charge with the Board alleging in Case 5-CA-32594 that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act.

(c) On October 14, 2005, the Union filed a second amended unfair labor practice charge with the Board alleging in Case 5-CA-32594, that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act.

(d) On October 31, 2005, the Union filed a third amended unfair labor practice charge with the Board alleging in Case 5-CA-32594, that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3) and (5) of the Act.

(e) On February 24, 2006, Petitioner moved to have its petition for temporary injunction pursuant to section 10(J) of the National Labor Relations Act (29 U.S.C. Section 160 (J)) heard on the basis of the record developed before the Board's Administrative Law Judge and the Court granted this Motion on March 1, 2006.

4. There is not, and Petitioner has failed to show, a substantial likelihood of success on its claims that Reina Lozano and Alexandra Guillen are now, and/or have been agents of Respondent within the meaning of Section 2(13) of the Act.

5. There is a substantial likelihood of success on the merits of Respondent's defense that the State Plaza employees' interest in Local 25 eroded. See e.g. Tr. 120: 1-2; 517: 18-19, 24-25; 518: 1-2; 523: 13-16; 664: 24-25; 665: 1; 666: 6-7; 713: 1-3; 724: 7-10; 762: 5-6; 775: 12-16.

6. There is a substantial likelihood of success on the merits that based on unrebutted testimony, State Plaza employees lost interest in the Local 25 based on the Union's conduct. See Tr. 517: 18-19, 24-25: 518: 1-2; 523: 13-16; 664: 24-25, 665: 1, 775: 12-16.

7. There is not, and Petitioner has failed to show, a substantial likelihood that this erosion came about as the result of any alleged unfair labor practices on the part of Respondent.

8. State Plaza employees do not want Local 25 to be their exclusive collective-bargaining agent. See Tr. 713: 1-3; 724: 7-10; 738: 18-20; 746: 17-18; 758: 24-25; 767: 11-12; 768: 1-6; 771: 16-19; see also Opposition Exh. 1(a)-(g).

3

9. State Plaza employees do not want Local 25 to engage in bargaining on their behalf. See id.

10. There is a substantial likelihood of success on the merits of Respondent's defense that the Hotel, lawfully, withdrew recognition of the Union based on actual loss of majority status. See G.C. Exh. 5.

## CONCLUSIONS OF LAW

1. Petitioner has failed to demonstrate a likelihood of success on the merits in the underlying Board proceeding.

2. Petitioner has failed to demonstrate the State Plaza employees will suffer irreparable harm if the Court does not grant temporary relief.

3. Petitioner has failed to demonstrate that third parties' (the employees) interest will not be harmed by granting of the temporary relief sough.

4. Petitioner has failed to demonstrate the temporary relief sought is in the public interest.

5. The imposition of injunctive relief and an affirmative bargaining order would be contrary to the public interest and violate State Plaza employees Section 7 rights under the Act.

6. Petitioner's delay in seeking injunctive relief is evidence that a temporary injunction is unwarranted.

7. The remedy sought by Petitioner, an interim bargaining order is unwarranted and not narrowly tailored.

8. Petitioner has failed to demonstrate injunctive relief is just and proper.

Now therefore, upon consideration of the entire record, it is hereby ORDERED, ADJUDGED, AND DECREED that, the Regional Director's Petition for Injunctive Relief Under Section 10(j) of the National Labor Relations Act is hereby DENIED.

SO ORDERED

Dated:_____

_____
Honorable Colleen Kollar-Kotelly
United States District Court

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April, 2006, a copy of the foregoing, Proposed Finding of Fact and Conclusions of Law and Proposed Order was sent via US mail to:

Thomas P. McCarthy
NATIONAL LABOR RELATIONS BOARD
1099 14th Street, NW
Suite 5530 E
Washington, DC 20570
(202) 501-8659
Email: thomas.mccarthy@nlrb.gov

Devki Kaur Virk
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, NW
Washington, DC 20005
(202) 842-2600
Fax: 202-842-1888
Email: dvirk@bredhoff.com

/s/
Jonathan W. Greenbaum