UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Wayne R. Gold,** Regional Director of Region Five of the National Labor Relations Board, for and on behalf of the **NATIONAL LABOR RELATIONS BOARD,** <br><br> 103 S. Gay Street, 8th Floor <br> Baltimore, MD 21202 <br><br> **Petitioner** <br><br> v. <br><br> **STATE PLAZA, INC., A WHOLLY-OWNED SUBSIDIARY OF RB ASSOCIATES, INC., D/B/A STATE PLAZA HOTEL** <br><br> **Respondent** | Civil No. 1:06-CV-00329 <br> Judge Kollar-Kotelly |

### RESPONDENT, STATE PLAZA INC'S ANSWER TO THE PETITION FOR INJUNCTIVE RELIEF UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT

Respondent, State Plaza, Inc. ("State Plaza" or "Hotel") hereby answers the Petition filed by Wayne R. Gold, as Regional Director of Region Five of the National Labor Relations Board ("NLRB").

With respect to the numbered paragraphs of the Petition, Respondent states and answers as follows:

W715845.1

1. Admitted.

2. Paragraph 2 of the Petition is a jurisdictional statement of which no answer is required. Because the Petition fails to state claims under the National Labor Relations Act, 29 U.S.C. § 158, and is not supported by facts, the Court has no jurisdiction over this matter.

3. Admitted.

4. (a) Respondent Admits that the Regional Director of Region Five issued an administrative complaint on some of the charges filed by the Union. Respondent denies the remainder of the allegations set forth in Paragraph 4 of the Petition.

(b) Respondent admits that it filed an Answer to the administrative complaint.

5. (a) Respondent admits that the Regional Director of Region Five issued a Complaint for some of the charges filed by the Union. The remainder of the allegations set forth in Paragraph 5 are denied.

(b) Admitted.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Respondent admits that in December, 2004 the Union requested bargaining. Respondent avers that it bargained with the Union at Respondent's own initiative and prior to December, 2004 and met with the Union for purposes of collective bargaining after December, 2004 and met in good faith.

18. Admitted. Respondent avers that it withdrew recognition based on actual evidence of the loss of majority support of the Union by State Plaza employees.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Respondent denies that it committed any unfair labor practices.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

As to the Petitioner's Prayer for Relief, Respondent states that no such relief is available under the facts and the equities of this case. Unless specifically admitted herein, each and every allegation of the Petition is denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Petition fails to state claims upon which the Court can grant relief.

### SECOND DEFENSE

Respondent withdrew recognition of the Union based on actual evidence of the loss of majority support.

### THIRD DEFENSE

The decertification petition relied on by Respondent is untainted and there is no allegation of taint by the Regional Director regarding this employee decertification petition.

### FOURTH DEFENSE

The Petition relies on the theory of agency for two employees. There is no factual evidence to support agency in this case.

## FIFTH DEFENSE

The Petition is barred by laches in that the Regional Director waited an unreasonable time to bring this action; the unreasonable delay is prima facie evidence that a temporary injunction is unwarranted.

## SIXTH DEFENSE

NLRA 10(j) Relief, 29 U.S.C. § 160(j) is not available in this case because this case does not pose "extraordinary circumstances" to warrant 10(j) relief.

## SEVENTH DEFENSE

Granting the relief requested would be counter to State Plaza employees Section 7, NLRA rights, 29 U.S.C. § 157.

## EIGHTH DEFENSE

The Petition is barred by the Union's unclean hands, waiver and estoppel.

## NINTH DEFENSE

The issuance of interim injunctive relief pursuant to § 10(j) of the NLRA is inappropriate because the alleged unfair labor practices can be remedied effectively by a final order of the NLRB.

## TENTH DEFENSE

The issuance of interim injunctive relief pursuant to § 10(j) of the NLRA is inappropriate because such relief does not preserve or restore the status quo.

WHEREFORE, Respondent requests that the Petition be dismissed, with prejudice.

Dated: April 24, 2006                                Respectfully submitted,

                                                     NIXON PEABODY LLP


                                                     _____/s/_____
                                                 By: Jonathan W. Greenbaum, (Bar No. 412408)
                                                     Emily K. Hargrove, (Bar No. 482906)
                                                     NIXON PEABODY LLP
                                                     401 9th Street, N.W.
                                                     Suite 900
                                                     Washington, DC  20004-2128
                                                     (202) 585-8000

## CERTIFICATE OF SERVICE

I, Jonathan W. Greenbaum, hereby certify that a true copy of the above document was served upon the following counsel of record by U.S. Mail on this 24th day of April, 2006:

>Thomas P. McCarthy
>Trial Attorney
>National Labor Relations Board
>Region 5 – Washington Resident Office
>1099 Fourteenth Street, N.W., Room 5528
>Washington, DC 20570-0001

>Devki K. Virk, Esq.
>Bredhoff & Kaiser, PLLC
>805 Fifteenth Street, N.W.
>Suite 1000
>Washington, DC 20005

_____/s/_____
Jonathan W. Greenbaum

W715845.1