UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Wayne R. Gold,** Regional Director of Region Five of the National Labor Relations Board, for and on behalf of the **NATIONAL LABOR RELATIONS BOARD,**<br><br>                          **Petitioner**<br><br>v.<br><br>**STATE PLAZA, INC., A WHOLLY-OWNED SUBSIDIARY OF RB ASSOCIATES, INC., D/B/A STATE PLAZA HOTEL**<br><br>                          **Respondent** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 1:06-CV-00329 (CKK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT'S RULE 59 (e) MOTION TO ALTER OR AMEND ORDER GRANTING NLRA SECTION 10(j) TEMPORARY INJUNCTION AND/OR FOR RECONSIDERATION**

Respondent, State Plaza, Inc. ("State Plaza"), has moved pursuant to Fed. R. Civ. P. 59(e) to alter or amend, and/or for reconsideration of the Court's Order Granting Temporary Injunction under section 10(j) of the National Labor Relations Act ("NLRA"), and submits this Memorandum of Points and Authorities in support thereof.[1]  Fed. R. Civ. P. 59(e) does not expressly state grounds for granting a motion to alter or amend, but case law establishes that the Court should grant Respondent's motion if it can demonstrate (1) there is an intervening change

---

[1] Fed. R. Civ. P. 59(e) provides, "any motion to alter or amend a judgment shall be filed no later than ten (10) days after entry of the judgment." Fed. R. Civ. P. 54 states "judgment as used in the rules includes a decree and any order from which an appeal lies." The Court's Order Granting Temporary Injunction is a judgment and Respondent has filed a timely motion under Rule 59(e). See Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 n. 6 (9th Cir. 2005).

in the law; (2) there is new evidence not previously available; or (3) there is a clear error of law in the first order. See United States v. York, 890 F. Supp. 117, 1140 (D.D.C. 1995); see also EEOC v. Lockeed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997). Here, the Court committed clear errors of law by (1) finding irreparable injury based on bad faith bargaining allegations that were not in the Petition and, therefore, were not within the Court's jurisdiction; and (2) by finding irreparable injury based on prior unfair labor practices, currently pending before the Board in Case 5-CA-3134, without using the legal standard established by the Board to make that determination. Without a sound finding of irreparable injury, Petitioner is not entitled to preliminary injunctive relief. Accordingly, Respondent respectfully requests that the Court alter and amend its Order and deny Petitioner's request for a temporary injunction.

## ARGUMENT[2]

### THE COURT FAILED TO PROVIDE A LEGALLY SOUND FINDING OF IRREPARABLE INJURY, AND THEREFORE, ITS ORDER GRANTING TEMPORARY INJUNCTION IS INVALID.

The Court committed a clear error of law in finding irreparable injury, and its determination cannot support an Order granting temporary injunction. As set forth by the Court, "in assessing whether to grant preliminary injunctive relief, a court must typically balance four factors," (1) substantial likelihood of success on the merits; (2) irreparable injury; (3) whether an injunction would substantially injure other interested parties; and (4) public interest. See Memorandum Opinion June 5, 2006, Dkt. No. 23 at 11. Further the Court held, "[a] party seeking preliminary injunctive relief must demonstrate least some irreparable injury because

---

[2] To the extent the Court bases any of its findings on Local 25's "uncontested amicus reply," (see Memorandum Opinion 19), it should be noted the Scheduling Order did not afford Respondent the opportunity to file a Surreply. See Dkt. No. 9. In the process of formulating the Scheduling Order, Respondent requested the right to file a Surreply and Petitioner would not consent. The fact that Respondent did not file a Surreply should not be interpreted as a failure to respond to issues set forth, for the first time, by Local 25.

2

'[t]he basis of injunctive relief in the federal courts has always been irreparable harm.'" See id. at 12 (citations omitted). Here, the Court's two grounds for finding irreparable injury, (1) Respondent's failure or refusal to meet with the Union and effectively negotiate a contract; and (2) the alleged unremedied unfair labor practices in Case 5-CA-31346, pending before the Board, are rooted in clear errors of law and cannot support such a finding. Consequently, there is no basis for injunctive relief.[3]

### A. The Court Committed a Clear Error of Law in Finding Irreparable Injury Based on Allegations that were Outside the Court's Jurisdiction.

The Court does not have free reign on matters brought under the National Labor Relations Act ("NLRA" or "the Act"). The Court's jurisdiction is defined by the Act:

> The Board shall have power, upon issuance of a complaint as provided in subsection (b) of this section charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. ***Upon the filing of any such petit**io**n*** the court shall cause notice thereof to be served upon such person, ***and thereupon*** shall have jurisdiction to grant the Board such temporary relief or restraining order as it deems just and proper.

29 U.S.C. § 160(j)(emphasis added). The Court's jurisdiction is limited by the contents of the Petition. Thus, it was a clear error of law for the Court to base its legal findings on allegations outside the Petition and, consequently, outside its jurisdiction. See Gregg v. American Quasar Petroleum, Co., 840 F. Supp. 1394 (D. Col. 1993)(A motion for reconsideration, which is accepted under Fed. R. Civ. P. 59(e), is proper when the court has made a decision outside the adversarial issues presented).

---

[3] Respondent limits its arguments in this 59(e) motion to those relating to the Court's clear errors of law. Respondent does not waive any other arguments it may raise on appeal.

3

The Court was incorrect in stating "[t]he bases for injunctive relief in the Petition before this Court do not differ from the claims before the Board…." See Dkt. No. 23 at 4. In fact, there were claims in the Complaint that, expressly, were not included in the Petition before the Court – the allegations of bad faith or refusal to meet. Specifically, the Complaint before the Board included the following paragraph:

> 18.    (a) At various times during the months of March, April, May and June 2005, the exact dates being presently unknown to the undersigned, Respondent and the Union met for the purposes of collective-bargaining with respect to wages, hours and other terms and conditions of employment of the Unit.
>
>    (b) During the time described above in paragraph 18(a), Respondent engaged in the following conduct:
>
>       (i) sponsoring a decertification petition; and
>
>       (ii) promising and granting benefits, if employees signed the decertification petition.
>
>    (c) By its overall conduct, including the conduct described above in paragraph 18(b), Respondent has failed and refused to bargain in good faith with the Union as the exclusive collective-bargaining representative of the Union.

See Amended Complaint ¶ 18.[4] This paragraph *was not* in the Petition before this Court. In fact, the only allegations of bad faith bargaining in the Petition, and therefore before this Court, were related to Respondent's withdrawal of recognition and decision to give housekeeping employees a wage adjustment. See Dkt. No. 1 ¶ 23. Even General Counsel acknowledged that the Board did not authorize a 10(j) on the bad faith bargaining allegations: "**With regard to Mr. Greenbaum's contention that there's nothing in the 10(j) petition he is absolutely right. The General Counsel did not authorize 10(j) on the bad faith bargaining….**" Tr. 331-332 (emphasis added).

---

[4]    It is Respondent's position as argued before the ALJ that the Board did not issue a complaint regarding surface bargaining or Respondent's conduct at the bargaining table at all. The Complaint lacks any such allegations.

Despite the fact that the claims were not within its jurisdiction, the Court relied on bad faith bargaining arguments and evidence relating to those allegations presented before the ALJ, as one of two bases for finding irreparable injury. Specifically, the Court stated "proof of actual harm to the organizing campaign is relevant to the Court's assessment of the Petition." See Dkt. No. 23 at 15-16. The Court then proceeded to find that the actual harm to employees was that "employee trust in the bargaining process unraveled" because Respondent refused to meet with the Union and effectively negotiate a contract. See id. at 16. However, allegations of refusal to meet and failure to effectively negotiate were not before this Court; they were not within the Court's jurisdiction.[5] The Court's irreparable injury determination based on such allegations is a clear error of law.

The Court's clear error of law is further evidenced by the fact that the Findings of Fact and Conclusions of Law do not conform to the findings in the Court's Memorandum Opinion. There is no mention in the Findings of Fact and Conclusions of Law of the refusal to meet or at-the-bargaining-table conduct on which the Court relies in its Memorandum Opinion. The Court's Finding of Fact state "[b]eginning in March 2005, Respondent engaged in a series of unfair labor practices intended to undermine employee support for the union." Dkt. No. 24 at ¶ 8 The Findings of Fact refer back to the allegations that actually were included in the Petition. See id. at ¶ 23. Accordingly, the Court's determination is not a legitimate basis for finding irreparable injury.

> **B.     The Court Committed a Clear Error of Law by Failing to Apply the Proper Standard Under <u>MasterSlack</u> in Finding the Alleged Unfair Labor Practices in Case 5-CA-31346 Caused Irreparable Injury.**

---

[5]  Such allegations were not even contained in the NLRB Complaint. However, this Court need not consider this issue, as by the General Counsel's own admission, and the Petition itself, they are not before this Court.

The Court's second ground for finding irreparable injury also was based on a clear error of law and cannot be used to support the Court's Order granting a temporary injunction. The Court found Respondent's alleged prior, unremedied unfair labor practices, which occurred pre-June 2004, before the union election, "suggests State Plaza employees will suffer irreparable injury absent injunctive relief." See Dkt. No. 23 at 14. In doing so, however, the Court failed to apply the required analysis under MasterSlack Corp., 271 NLRB 78, 84 (1984), to determine whether such alleged unremedied unfair labor practices had any bearing on the present case and can support a showing of irreparable injury.

The mere existence of unremedied unfair labor practices does not automatically affect the unfair labor practices at issue at present. Under MasterSlack, the Board has held that there are four factors to consider in determining whether unremedied unfair labor practices are relevant: (1) the length of time between the unfair labor practices and the withdrawal of recognition; (2) the nature of the violations; (3) any possible tendency to cause employee disaffection from the union; and (4) the effect of the unlawful conduct on employee morale, organizational activities, and membership in the union. See also Garden Ridge Mngmt., Inc., 347 NLRB No. 13 (May 31, 2006)(recently reaffirming MasterSlack as the test to determine whether the unremedied unfair labor practices had an affect on the employees); NLRB v. Williams Enterprises, Inc. 50 F.3d 1280, 1288 (5th Cir. 1995); Overstreet v. Tucson Ready Mix, Inc. 11 F.Supp. 2d 1139 (D. Arizona, 1998). The Court should have used the same standard in analyzing whether Case 5-CA-31346 supported a finding of irreparable injury for purposes of the Petition.

Here, the Court did not perform this analysis. Moreover, there was no evidence to support the Opinion of irreparable injury in this regard. Instead, in a conclusory paragraph, the Court found simply that the unfair labor practices existed, and therefore, created irreparable

injury. Under the Court's reasoning, *any* unremedied unfair labor practice whether it occurred six years ago, six months ago, or six days ago, and no matter how attenuated creates a showing of irreparable injury by its mere existence. This completely ignores the Board's established rule to the contrary and is a clear error of law.[6]

Further, application of the proper standard would have demonstrated that there is no reason why the unremedied unfair labor practices should be considered in this case and cannot be used to support a finding of irreparable harm. Case 5-CA-31346, JD-44-04, 2004 WL 1149361, alleged certain "pre-representation petition" conduct by State Plaza from the Spring of 2003. The Union filed a representation petition in July 2003, and held an election on September 5, 2003. The Union won that election. Those alleged unfair labor practices had no negative affect on the outcome of the September, 2003 election for the Union, and are not remotely relevant to the issues surrounding the State Plaza's withdrawal of recognition, which took place in July 2005, – nearly **three** years later.

As for the violations, it should be noted that while the ALJ did find that the employee engaged in protected activity, that activity was *not* related to any union activity. See Case 5-CA-31346. Additionally, ALJ Evans specifically found that State Plaza had no knowledge of this employee's union activities and dismissed the 8(a)(3) charge. Moreover, the General Counsel made no references to the 5-CA-31346 charges in the underlying Amended Complaint (5-CA-32594), and did not present any evidence on the 5-CA-31346 charges at the recent hearing before Judge Buschmann. As such, consideration of these unremedied alleged unfair labor practices are also outside the scope of this injunction proceeding.

---

[6] To be sure, there is no record evidence on the affect of this prior unfair labor practice on the employees and no evidence that any of the employees even knew these unfair labor practices existed.

Without the required legal analysis, there was nothing to link Case 5-CA-31346 claims to the present case, let alone create a showing of irreparable injury. The Court's clear error of law cannot support its finding of irreparable injury or its grant of temporary injunction.

## CONCLUSION

Respondent has demonstrated that the Court committed clear errors of law in finding irreparable injury. Without a valid showing of irreparable injury, Petitioner was not entitled to preliminary injunctive relief. Consequently, the Court's Order Granting Temporary Injunction must be altered and amended. For the foregoing reasons, Respondent respectfully requests that the Court reconsider and reverse its Order Granting Temporary Injunction.

Date: June 13, 2006

Respectfully submitted,

/s/
Jonathan W. Greenbaum (Bar No. 412408)
Emily K. Hargrove (Bar No. 482906)
NIXON PEABODY LLP
401 9th Street, N.W.,
Suite 900
Washington, DC 20004-2128
(202) 585-8000
*Attorneys for Employer, State Plaza, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2006, I sent a copy of the foregoing, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT'S RULE 59 (e) MOTION TO ALTER OR AMEND JUDGMENT GRANTING TEMPORARY INJUNCTION, via first class mail to:

Thomas P. McCarthy
NATIONAL LABOR RELATIONS BOARD
1099 14th Street, NW
Suite 5530 E
Washington, DC 20570
(202) 501-8659

Devki Virk
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, NW
Washington, DC 20005
(202) 842-2600
Fax: 202-842-1888

/s/
Jonathan W. Greenbaum