UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**WAYNE R. GOLD**, Regional Director     \*
of Region Five of the National Labor     \*
Relations Board, for and on behalf     \*
of the **NATIONAL LABOR RELATIONS**   \*
**BOARD,**             \*
              \*
   103 S. Gay Street, 8th Floor     \*
   Baltimore, MD 21202       \*
              \*
        **Petitioner**     \*
    v.            \*   **CIVIL No. 1:06-CV-00329 (CKK)**
              \*
              \*
**STATE PLAZA, INC.,**        \*
**A WHOLLY-OWNED SUBSIDIARY**   \*
**OF RB ASSOCIATES, INC.,**      \*
**D/B/A STATE PLAZA HOTEL**     \*
              \*
   Mr. James Marten, President     \*
   State Plaza Inc., A Wholly-Owned   \*
   Subsidiary of RB Associates, Inc.,   \*
   d/b/a State Plaza Hotel      \*
   2117 E Street, NW        \*
   Washington, DC 20037      \*
              \*
       **Respondent**     \*
              \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PETITIONER'S MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION TO ALTER OR AMEND ORDER GRANTING TEMPORARY INJUNCTION

   Respondent invokes Fed.R.Civ. P. 59(e) to argue that the Court committed clear errors of

law. First, Respondent argues that the Court committed a clear error of law by finding

irreparable injury based on bad-faith bargaining allegations not contained in the Petition.

Second, Respondent argues that the Court committed a clear error of law by finding irreparable

injury based on prior unfair labor practices found by ALJ Evans in Case 5-CA-31346 (pending

before the Board on exceptions), without applying the analysis set forth in *Master Slack Corp.*,

271 NLRB 78 (1984). Respondent's arguments appear to be frivolous.

Respondent's first argument misleads by truncated quotation. R. Motion at 4. The Court expressly acknowledged what Respondent fails to quote. That is, the relief requested from the Board is "more extensive" than the relief sought from the Court. Mem. Op. at 4. The Court carefully delineated the specific 8(a)(1), (3) and (5) allegations at issue in the Petition, without addressing the merits of any bad-faith bargaining allegation. Id. at 17-24. In fact, Respondent concedes as much when discussing the Court's Findings of Fact and Conclusion of Law. R. Mem. at 5.

Respondent's second argument fares no better. The Petitioner alleges and the Court found good cause to believe that the decertification petition relied upon by the Respondent to withdraw recognition was tainted by the direct involvement of Hotel management and Respondent's agents. Mem. Op at 18-19. In these circumstances, examination of the *Master Slack* criteria is unnecessary. See *Canter's Fairfax Restaurant*, 309 NLRB 883, 884 fn. 1 (1992), cited in the NLRB's Representation Casehandling Manual Section 11028.2.

In addition, with regard to the remaining unfair labor practices alleged in the Petition, the Court's analysis is consistent with *Master Slack*, 271 NLRB 78, 84 (1984), which the Court cited near the end of its Opinion, on p. 24. Specifically, the unfair labor practices alleged in the Petition, and described in the Court's Opinion, were close in time to the unlawful circulation of the petitions and the July 5, 2005 withdrawal of recognition. The nature of the violations, including interrogations, promises of benefits, and impressions of surveillance, was significant. Those violations had a tendency to cause employee disaffection from the Union, as the Court specifically noted at p. 16, in its discussion of irreparable injury. Finally, the effect on employee morale, organizational activities, and Union membership was made clear by the signatures on the unlawfully-circulated anti-Union petitions. See also Pet. Mem. at pp. 26-28.

Clearly, the Court properly based its irreparable injury analysis on the unfair labor practice allegations contained in the Petition, as opposed to bad-faith bargaining allegations or unfair labor practice allegations from the earlier proceeding in Case 5-CA-31346. The Court

explicitly relied on these more recent allegations from Case 5-CA-32594 at p. 16, in the portion of its Opinion dealing with irreparable injury, where the Court refers to Section III.D.1 of the Opinion. In turn, Section III.D.1, at pp. 17-21, describes the current Section. 8(a)(1) violations, including the Respondent's circulation of the anti-Union petitions. At fn. 10, p. 20, the Court describes the relationship between the recent Section 8(a)(1) violations and the circulation of the anti-Union petitions. Similarly, at pp. 21-22, the Court describes the unilateral wage increase—alleged to have violated Section 8(a)(3)—as being related to the 8(a)(1) allegations discussed in Section III.D.1, including circulation of the anti-Union petitions. Most importantly, the last paragraph of Section III.D.1 of the Opinion, at p. 21, discusses the need for an interim bargaining order, and other injunctive relief, based on the injury caused by the current violations pled in the Petition.

Accordingly, contrary to State Plaza's arguments at p. 3 of its Memorandum, the Court's finding of irreparable injury was not based on the Company's failure or refusal to meet with the Union during an earlier period of time or on the alleged unremedied unfair labor practices in Case 5-CA-31346. Instead, the Court described in detail the irreparable injuries resulting from the more-recent violations alleged in the Petition. The Court's order, therefore, was appropriate.

The Court did not err in referring to ALJ Evans's decision, set forth in the administrative record. Although that decision does not constitute a final administrative adjudication, it provides appropriate context to the relationship between the Union and State Plaza. Moreover, the courts consistently have relied on ALJ decisions when assessing a regional director's likelihood of success in cases where the complaint and the petition involve the same allegations. See *Bloedorn v. Francisco Foods, Inc.*, 276 F.3d 270, 288 (7th Cir. 2001) ("the ALJ's factual and legal determinations supply a useful benchmark against which the Director's prospects of success may be weighed"). Accord: *Rivera-Vega v. ConAgra, Inc.,* 70 F.3d 153, 161 (1st Cir. 1995) (district court's finding of reasonable cause was "confirmed by the fact that the administrative law judge, who held a hearing and took evidence of the NLRB's allegations,"

concluded that the violations occurred); *Seeler v. Trading Port, Inc.,* 517 F.2d 33, 40 n. 7 (2d Cir. 1975) ("district court's conclusion is bolstered by the subsequent finding of the administrative law judge to the effect that extensive unfair labor practices had in fact been committed"); *Pye v. EAD Motors Eastern Air Devices, Inc.,* 175 LRRM 2441, 2004 WL 1635842 (D. N.H. 2004)(court noted findings of ALJ which supported allegations of 10(j) petition).

Here, the Court properly used Judge Evans's decision in an even less direct manner. Thus, the Court did not grant—and the Petitioner did not seek—any relief based on the violations considered by Judge Evans. But the unfair labor practice allegations contained in the Petition, like the allegations considered by Judge Evans, involved the same nascent collective-bargaining relationship. The Petition here made that clear at pp. 2-3 and 7-8. Accordingly, the Court did not err in considering that decision as evidence of State Plaza's "legacy of non-forthright compliance with the basic tenets of applicable labor law," Opinion at 15, or in assessing the need for injunctive relief "in the context of lingering unremedied unfair labor practices found by [ALJ] Evans," Opinion at 21.

Certainly, when assessing irreparable injury surrounding Respondent's orchestration of the decertification effort, the Court equitably was permitted to consider the full administrative record in context, including Respondent's history of lingering and unremedied violations found by ALJ Evans in Case 5-CA-31346, coupled with the nascent status of the collective-bargaining relationship and union representation at issue. See Mem. Op. at 14-15, and 21. It was in this context, that the Court found that the unlawfully circulated decertification petitions increasingly curried favor with employees in the context of union representation, which had been paralyzed over the course of preceding months by Respondent's failure to meet with the Union, and that "[a]bsent protection in the form of injunctive relief, no mechanism is presently in place to preserve the NLRA-based rights of State Plaza's employees." Mem. Op at 16.

Finally, Petitioner emphasizes that the Court properly employed a "sliding scale" and balanced the traditional, four-pronged equitable criteria for assessing the propriety of granting interim injunctive relief. Mem. Op at 11-12, 16-17. In short, Respondent's Motion warrants summary dismissal.

Dated in Baltimore, Maryland, this 15th day of June 2006.

_____/s/_____
Albert W. Palewicz, Regional Attorney
National Labor Relation Board, Region 5
103 S. Gay Street, 8th Floor
Baltimore, MD 21202
(410) 962-2811

_____/s/_____
Thomas P. McCarthy, Counsel For Petitioner
National Labor Relations Board, Region 5, WRO
1099 14th Street, N.W., Room 5528
Washington, DC 20570
(202) 501-8659

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of June 2006, a copy of Petitioner's Memorandum in Opposition to Respondent's Motion to Alter or Amend Order Granting Temporary Injunction was served on the following counsel for the parties via Federal Express – Next Business Day delivery.

Mr. Jonathan Wolfe Greenbaum, Esq.
Nixon Peabody LLP
410 9th St., N.W., Suite 900
Washington, DC 20004-2128
jgreenbaum@nixonpeabody.com

Ms. Devki K. Virk, Esq.
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth St., NW
Washington, DC 20005
dvirk@bredhoff.com

_____/s/_____
Thomas Patrick McCarthy, Esq.
Counsel for the Petitioner
National Labor Relations Board
Region 5 - Washington Resident Office
1099 14th St. NW, Room 5528
Washington, D.C. 20570-0001
(202) 501-8659
Bar # 417310
