UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Wayne R. Gold,** Regional Director of Region Five of the National Labor Relations Board, for and on behalf of the **NATIONAL LABOR RELATIONS BOARD,**<br><br>Petitioner<br><br>v.<br><br>**STATE PLAZA, INC., A WHOLLY-OWNED SUBSIDIARY OF RB ASSOCIATES, INC., D/B/A STATE PLAZA HOTEL**<br><br>Respondent | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 1:06-CV-00329 (CKK) |

### RESPONDENT'S REPLY TO PETITIONER'S MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION TO ALTER OR AMEND ORDER GRANTING TEMPORARY INJUNCTION

Petitioner does not even address Respondent's main argument that the Court exceeded its jurisdiction in that it considered matters outside the Petition; rather it summarily dismisses it as "frivolous." Based on the clear language of the Petition, the clear, unequivocal statements of General Counsel, and the conclusions of the Court in its Memorandum Opinion, however, it is clear that the Court based its finding of irreparable injury, in substantial part, on claims that were not within the Court's jurisdiction. Rather than respond to the issues raised by State Plaza, Petitioner relies on the Court's finding of likelihood of success on the merits and completely ignores the Court's actual determination on irreparable injury. In doing so, Petitioner continues to argue under the "reasonable cause" standard that was rejected by this Court.

First, contrary to Petitioner's suggestion, Respondent in no way misled the Court by "truncated quotation." Dkt. No. 26 at 2. Respondent quoted language relevant to its argument that the Court committed clear error in finding irreparable injury based on *claims* not included in the Petition. *See* Dkt. No. 25 at 4. Respondent agrees that "the relief requested from the Board is more extensive than that requested of this Court," as it is in any 10(j) case. Dkt. No. 23 at 4. However, the Court was incorrect in stating "the bases for injunctive relief included in the Petition before this Court do not differ from the *claims* before the Board" *Id.* It is this statement regarding the *claims*, not the difference in relief that leads the Court to clear error.[1] The claims in the Petition and the Complaint are not the same. As openly acknowledged by the General Counsel on record, but ignored *completely* in the Opposition to this Motion, "the General Counsel did not authorize 10(j) on the bad faith bargaining...." Tr. 331-332. This is a claim not relief. And despite Petitioner's attempt to deflect focus to the Court's analysis of other prongs of the test, the Court used the bad faith bargaining assertions, including the *claims* of failure to meet and stalling negotiations, to support its finding of irreparable injury. These issues were not before the Court and, thus, were outside the Court's jurisdiction.

Petitioner claims the Court "carefully delineated the specific 8(a)(1),(3) and (5) allegations at issue in the Petition without addressing the merits of any bad faith bargaining allegation" (*see* Dkt. No. 26 at 2), but cites the Court's discussion of "substantial likelihood of success on the merits" from pages 17 to 24 for support. Petitioner ignores the Court's discussion of irreparable injury in which the Court not only addresses the bad faith bargaining allegations

---

[1] Respondent highlighted the Findings of Fact and Conclusions of law to demonstrate the disconnect between the Court's determination as to irreparable injury in the Opinion in which the Court finds irreparable injury based on Respondent's alleged conduct in July, August, and December of 2004 and January 2005 (*see* Dkt. No. 23 at 14-16), and the reasoning set forth in the Findings of Fact Conclusions of Law in which the Court finds Respondent started engaging in unfair labor practices in March 2005. *See* Dkt. No. 24 at ¶ 8.

not included in the Petition, but uses them as a basis for finding irreparable injury. *See* Dkt. No. 23 at 16. Specifically, the Court found irreparable injury based on actual harm to the organizing campaign resulting from Respondent's failure to meet with Local 25. *See id.* To be sure, refusal and/or failure to meet allegations were not included in the Petition, were outside the jurisdiction of the Court, and cannot serve as the basis for a finding of irreparable harm.

In addressing Respondent's second argument, Petitioner again fails to address the Court's findings of irreparable injury and, again, focuses instead on the Court's discussion of substantial likelihood of success on the merits. The Court did not, as Petitioner suggests, "describe in detail irreparable injuries resulting from more recent allegations in the Petition." Dkt. No. 26 at 3. In fact, the Court made only one passing reference to any recently alleged unfair labor practices in its irreparable injury analysis, and that reference was part of its finding of irreparable injury based on Respondent's alleged refusal to meet with Local 25, which was not before the Court. Rather, the Court held "Respondent's history of unfair labor practices coupled with the nascent status of the union's representation of State Plaza employees *suggests*[2] that State Plaza's employees will suffer irreparable injury absent injunctive relief." Dkt. No. 23 at 14 (emphasis added). It based its finding of irreparable injury on the unremedied unfair labor practices in 5-CA-31346, pending before the Board. In doing so, however, the Court failed to perform the required analysis under *MasterSlack* to determine if these unremedied unfair labor practices had any bearing on the current matters at all.[3]

Petitioner's citation to *Canter's Fairfax Restaurant,* 309 NLRB 883, 884 fn. 1 (1992), is inapposite. That case deals with a wholly different factual and legal situation. In *Canter's,* the

---

[2]  According to the Court "injury is irreparable only if it is 'both certain and great.'" Dkt. No. 23 at 14. A suggestion of harm does not constitute irreparable injury.

[3]  Again, General Counsel did not present any evidence at the hearing before the ALJ to link the pending charges to the claims in the instant case.

employer filed a petition for decertification (RD Petition) with the Board. When an employer files a decertification petition, the Regional Director must review the petition and the surrounding circumstances to determine whether to conduct an election, just like when a union files a representation petition (RC Petition). If the Regional Director determines the employer committed an unfair labor practice, the Regional Director may block the election or not process the petition. *Canter's* does not apply here and does not change the fact that the *MasterSlack* analysis is required when the Court seeks to determine whether unremedied unfair labor practices affected a withdrawal of recognition, as in the present situation. *See Garden Ridge Mngmt., Inc.*, 347 NLRB No. 13 (May 31, 2006)(recently reaffirming *MasterSlack* as the test to determine whether the unremedied unfair labor practices had an affect on the employees); *see also NLRB v. Williams Enterprises, Inc.* 50 F.3d 1280, 1288 (5th Cir. 1995); *Overstreet v. Tucson Ready Mix, Inc.* 11 F.Supp. 2d 1139 (D. Arizona, 1998).

Furthermore, despite the fact the Court highlighted that "in this Circuit, injury is irreparable only if it is 'both certain and great,'" and "requires that the alleged harm 'be actual and not theoretical'" (*see* Dkt. No. 23 at 14), the Court based its irreparable injury determination on suggested or hypothetical injuries. *See id.* Here, there is no finding of certain, great, actual or imminent harm. Consequently, the Court's second basis for finding irreparable injury also was based on a clear error of law.

## CONCLUSION

The Court committed clear errors of law in finding irreparable injury. Without a valid showing of irreparable injury, Petitioner was not entitled to preliminary injunctive relief. Consequently, the Court's Order Granting Temporary Injunction must be altered and amended.

For the foregoing reasons, Respondent respectfully requests that the Court reconsider and reverse its Order Granting Temporary Injunction.

Date:  June 22, 2006

                                          Respectfully submitted,

                                               /s/
                                    Jonathan W. Greenbaum (Bar No. 412408)
                                    Emily K. Hargrove (Bar No. 482906)
                                    NIXON PEABODY LLP
                                    401 9th Street, N.W.,
                                    Suite 900
                                    Washington, DC 20004-2128
                                    (202) 585-8000
                                    *Attorneys for Employer, State Plaza, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2006, I sent a copy of the foregoing RESPONDENT'S REPLY TO PETITIONER'S MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION TO ALTER OR AMEND ORDER GRANTING TEMPORARY INJUNCTION via U.S. Mail to:

Thomas P. McCarthy
NATIONAL LABOR RELATIONS BOARD
1099 14th Street, NW
Suite 5530 E
Washington, DC 20570
(202) 501-8659

Devki Virk
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, NW
Washington, DC 20005
(202) 842-2600
Fax: 202-842-1888

/s/
Jonathan W. Greenbaum