

**United States Government**

**NATIONAL LABOR RELATIONS BOARD**

Region 5, Washington Resident Office

Franklin Court Building, Suite 5530

1099 14th Street, N.W.

Washington, D.C. 20005

Telephone: (202) 501-8659
Facsimile: (202) 208-3013
Email: Thomas.McCarthy@nlrb.gov

September 15, 2006

The Honorable Colleen Kollar-Kotelly
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

RE: WAYNE R. GOLD v. STATE PLAZA, INC.
Case No. 1:06-CV-00329

Dear Judge Kollar-Kotelly:

Enclosed please find a copy of the Decision and Recommended Order issued by Administrative Law Judge Karl H. Buschmann concerning the above-captioned case. In his Decision and Recommended Order, Judge Buschmann found that Respondent, State Plaza, Inc., violated Sections 8(a)(1), 8(a)(3), and 8(a)(5) of the National Labor Relations Act, as alleged by Petitioner, Counsel for the General Counsel, in the Complaint in Case number 5-CA-32594. He determined that a "fair appraisal of the evidence shows that this Respondent resorted to every illicit means to thwart the employees' union support and to destroy the Union's certified status as the employees' collective-bargaining representative in its incipiency."

In particular, Judge Buschmann found that Respondent instructed employees to circulate petitions to decertify the Union and solicited employees to sign the petitions. He found that Respondent promised employees increased benefits and more money if they signed petitions to decertify the Union. He then concluded that Respondent granted all employees in the housekeeping department a wage increase in order to discourage employees from supporting the Union. Finally, Judge Buschmann found, among other things, that Respondent violated the Act by withdrawing recognition from the Union on the basis of a tainted decertification petition. These findings affirm your conclusions of law and the order for a temporary injunction you issued on June 5, 2006.

As part of the remedy, Respondent has been ordered to bargain in good faith with the Union and to cease and desist from infringing, in any other manner, on the rights guaranteed to employees by Section 7 of the Act. It must also compensate the Union for the expenses it incurred in collective bargaining from about June 29, 2004, to the date of the last negotiation session. Moreover, Respondent has been ordered to rescind the pay increase it unlawfully granted, if requested to do so by the Union, and to post a Notice to Employees, alerting them of their Section 7 rights.

As noted in earlier filings, the Administrative Law Judge's decision is not the final administrative decision of the Board. See, e.g. *Schaub v. West Michigan Plumbing & Heating, Inc.*, 250 F.3d 962, 968 (6th Cir. 2001); *Sharp v. Webco Industries, Inc.*, 225 F.3d 1130, 1136 (10th Cir. 2000). Therefore, it is important to continue the injunction until the Board issues a final order.

Sincerely,

/s/ Thomas Patrick McCarthy

Thomas Patrick McCarthy, Esq.
Counsel for the Petitioner

cc:   Jonathan Wolfe Greenbaum, Esq.
      Nixon Peabody LLP
      410 9th St., N.W., Suite 900
      Washington, D.C. 20004-2128

      Devki K. Virk, Esq.
      Bredhoff & Kaiser, P.L.L.C.
      805 Fifteenth Street, N.W.
      Washington, D.C. 20005

Enclosure