UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAYNE R. GOLD, Regional Director of Region Five of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>    Petitioner<br><br>    v.<br><br>STATE PLAZA, INC., A WHOLLY-OWNED SUBSIDIARY OF RB ASSOCIATES, INC., D/B/A/ STATE PLAZA HOTEL,<br><br>    Respondent. | Civil Action No. 06–329 (CKK) |

**ORDER**
(November 29, 2006)

On February 24, 2006, Petitioner Wayne R. Gold, Regional Director of Region Five of the National Labor Relations Board (hereinafter "NLRB"), for and on behalf of the NLRB, filed a [1] Petition for Injunction under Section 10(j) of the National Labor Relations Act, as Amended. Therein, Petitioner alleged that Respondent State Plaza, Inc., a wholly-owned subsidiary of RB Associates, Inc., d/b/a State Plaza Hotel (hereinafter "State Plaza"), engaged in acts in violation of Sections 8(a)(1), 8(a)(3), and 8(a)(5) of the Act. Petitioner requested that the instant Court issue injunctive relief pending a final decision by the administrative law judge in Case 5-CA-32594 with respect to these allegations.

On June 5, 2006, the Court granted Petitioner's [1] Petition for Injunction under Section 10(j) of the National Labor Relations Act, as Amended, and issued an Order setting forth the details of the interim injunctive relief ordered by this Court "pending final adjudication by the

Board of the matters pending in 5-CA-32594." [24] Findings of Fact, Conclusions of Law, and Order Granting Temporary Injunction at 17. On June 13, 2006, Respondent filed a Rule 59(e) [25] Motion to Alter or Amend Order Granting NLRA Section 10(j) Temporary Injunction and/or for Reconsideration. On June 15, 2006, Petitioner filed its Opposition thereto. On June 22, 2006, Respondent filed a Reply.

Administrative Law Judge Karl H. Buschmann issued a decision and recommended order in 5-CA-32594 on August 25, 2006, finding that Respondent violated Sections 8(a)(1), 8(a)(3), and 8(a)(5) of the NLRA–as did this Court. *State Plaza, Inc.*, 5-CA-32594, 2006 WL 2504064 (N.L.R.B. Div. of Judges, Aug. 25, 2006). The Board issued its final administrative order on November 6, 2006, adopting the findings and conclusions in ALJ Buschmann's decision and ordering Respondent to take action as set forth in the recommended order. As Petitioner indicated in its [30] Letter to the Court to Terminate Section 10(J) Injunction, and as delineated by the language of this Court's Order "pending final adjudication by the Board," the issuance of the Board's final administrative decision legally terminates this Court's interim injunctive Order. *See* 29 U.S.C. § 160(j) (discussing "temporary relief"); *Levine v. Fry Foods, Inc.*, 596 F.2d 719, 720 (6th Cir. 1979); *Barbour v. Central Cartage, Inc.*, 583 F.2d 335, 336-37 (7th Cir. 1978); *Johansen v. Queen Mary Restaurant Corp.*, 522 F.3d 6, 7 (9th Cir. 1975). *Cf. Sears, Roebuck & Co. v. Carpet Layers Union*, 397 U.S. 655, 658-59, 90 S. Ct. 1299, 25 L. Ed. 2d 637 (1970) (Section 10(l)). As this Court's interim injunction is terminated, the Court shall deny as moot Respondent's [25] Motion to Alter or Amend Order Granting NLRA Section 10(j) Temporary Injunction and/or for Reconsideration.

Accordingly, it is, this 29th day of November, 2006, hereby

ORDERED that Respondent's [25] Motion to Alter or Amend Order Granting NLRA Section 10(j) Temporary Injunction and/or for Reconsideration is DENIED AS MOOT; it is also

ORDERED that this case is DISMISSED.

SO ORDERED.

                                            /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge